## LLOYDS AMERICA v. BROOKS.

### No. 1370.

Court of Civil Appeals of Texas. Eastland.

Jan. 18, 1935.

Rehearing Denied Feb. 15, 1935.

Turner, Seaberry & Springer, of Eastland, for appellant.

Butts & Wright, of Cisco, for appellee.

HICKMAN, Chief Justice.

In the court below appellee Brooks recovered judgment against appellant Lloyds America for $1,000, and against its codefendant L. P. Kuykendall, doing business under the trade-name of Ever Ready Transfer & Storage Company, for $1,200; the judgment reciting that any amount paid by appellant Lloyds America would be credited on the amount to be collected from Kuykendall. The case was tried below before the court without out the aid of a jury, and Lloyds America alone appeals.

Three assignments of error are found in the brief, viz.: (1) The trial court erred in overruling appellant's plea of privilege; (2) the trial court erred in overruling its plea in abatement; and (3) the trial court erred in overruling its special exception to plaintiff's petition presenting the question of misjoinder of causes of action and parties defendant. Since Kuykendall is a resident of the county in which the suit was instituted and judgment rendered, it is admitted that the plea of privilege was properly overruled under exception 4 of article 1995, R. S. 1925, provided the parties were properly joined in the suit. Appellant's brief states that only one question of law is presented, viz., "Can a cargo insurer, issuing an indemnity policy to the carrier under section 13, of article 911b, be joined as defendant with the common carrier in a suit by the owner for damages for the loss of the cargo in the absence of a provision in the policy so permitting?"

In the recent case of Pageway Coaches, Inc., v. Bransford, 71 S.W.(2d) 561, we considered a question which appellant contends to be the same as that involved in this case, and announced the conclusion that the insurer could not properly be joined in the same suit with the carrier. We had there under consideration the construction of article 911a, § 11. The article under which the policy in this case was issued is article 911b, § 13. We pointed out in our opinion in the Bransford Case that there was a conflict in the decisions on the question there presented. A writ of error was granted, and a writ has likewise been granted in some of the cases

cited. The question there involved is now before the Supreme Court. A decision of the question presented by the record in the instant case is not dependent upon a determination of the question of which line of decisions, as pointed out in the Bransford Case, announces the true rule. This for the reason that the policy issued by the appellant to the carrier Kuykendall went very much further than required by law, and contains provisions which are wholly inconsistent with the contention that no suit will lie against the insurer until the claim against the carrier is reduced to judgment.

The fact giving rise to appellee's suit was the destruction by fire of household goods belonging to him and being transported by Kuykendall, the carrier, from Cisco, in Eastland county, to Moran, in Shackelford county. The fire occurred on a highway in Eastland county. The policy issued by appellant to Kuykendall is a very unusual one. There is attached to it an indorsement, which extends the liability of the insurer beyond that created by the policy proper. This indorsement covers liability, not exceeding $1,000, on the contents of any one truck. It provides, among other things, that "this endorsement insures against loss or damage directly caused by: (a) Fire, caused by self ignition or internal explosion of the conveyance or by lightning; (b) Flood (meaning rising navigable waters only); (c) Tornado, cyclone, or windstorms, excluding loss or damage caused by hail, rain, sleet, or snow, whether driven by wind or not." These provisions, making the insurer liable for damages caused by certain acts of God, cannot be reconciled with the theory that liability must first be established against the carrier, for a carrier is not liable for damages caused by acts of God. 10 C. J. p. 111, § 132. Appellant's contention would utterly destroy and render of no effect the provisions above quoted. This indorsement enumerates certain excluded risks, among which is loss or damage to property belonging to the insured, or held by him in any capacity, or for any purpose other than transportation. It contains this very significant provision: "Payment of loss. All adjusted claims under this endorsement shall be due and payable thirty days after presentation and acceptance of proofs of interest and loss at the office of Lloyds America." This provision is wholly inconsistent with the claim that no right exists in the shipper to sue the insurer until after the liability of the carrier has been established by judgment.

One other significant provision is found in this indorsement, as follows: "The conditions as provided in the policy to which this endorsement is attached shall apply to this endorsement insofar as may be consistent and the conditions enumerated in this endorsement shall be treated as additional conditions of the policy." By this provision it is made manifest that the parties regarded this indorsement on the policy as adding conditions to it. The statute, article 911b, § 13, prescribes the minimum of coverage by the bond or policy of insurance, but, if the parties voluntarily contract for liability beyond that minimum, no reason exists for not enforcing their contract as written. The policy, exclusive of the indorsement, furnished all the protection to shippers which the law required; that is to say, it, at least, obligated the insurer to discharge any judgment against the carrier to the extent of the limit thereof. Under the policy, exclusive of the indorsement, the insurer was not liable for claims for which no liability existed against the carrier, and no requirement of the statute would render it liable therefor. But, under the indorsement, the insurer, for a valuable consideration, has made itself liable for losses sustained by the shipper for which the carrier would not be liable, and has provided that such claims should be due and payable, not after judgment against the carrier, but within thirty days after proofs of interest and loss. In short, the indorsement is a fire, flood, and tornado insurance policy, made for the benefit of shippers. Of course, if that is its nature, a shipper could maintain suit thereon.

Under this view, venue was properly laid in Eastland county under exception 28 of article 1995, invoked by appellee in his controverting plea, which provides that suits against fire insurance companies may be commenced in the county in which the insured property was situated.

It may be that the carrier was not a necessary party to this suit; but he was a proper party. At any rate, appellant does not claim that it should have been sued alone without the joinder of the carrier, but claims that it should not have been sued at all, or, at least, not until judgment had first been rendered against the carrier.

It is our opinion that the assignments present no error, and the judgment of the trial court is accordingly affirmed.