## LLOYDS AMERICA V. J. B. BROOKS.

No. 6901.   Decided June 2, 1937.
(105 S. W., 2d Series, 660.)

*Turner, Seaberry & Springer,* of Eastland, for plaintiff in error.

In the absence of a provision in the policy expressly authorizing it, a shipper should not be permitted to maintain a suit against the insurance company which had indemnified the carrier only in a policy issued to him reciting that the rights thereunder are strictly personal to the assured, at least until after a judgment has been obtained against the assured, in a suit wherein the assured alone is defendant and wherein the fact that the assured is indemnified by an insurance company is not made manifest. Dallas Coffee Company v. Williams, 45 S. W. (2d) 724; Caprito v. Weaver, 63 S. W. (2d) 1043; Kuntz v. Spence, (Com. App.) 67 S. W. (2d) 254.

*Butts & Wright,* of Cisco, for defendant in error.

The insurer in an insurance policy pursuant to Section 13 of Article 911b as enacted by the 42d Legislature, page 480, is properly joined with the insured in an action by a plaintiff who has suffered loss of goods being carried by the carrier, in the county of the residence of the insured and in the county where the loss of the goods occurred. American Fidelity & Casualty Co. v. Jones Transfer Co., 46 S. W. (2d) 1054; Phillips v. Terrell, 52 S. W. (2d) 376; Fidelity Union Casualty Co. v. Borden, 60 S. W. (2d) 465.

Mr. Judge Taylor delivered the opinion of the Commission of Appeals, Section B.

This suit involves the construction of Section 13, of Article 911b, Vernon's Texas Statutes, 1936, in an action by the owner of household goods that were destroyed by fire in the course of transportation by motor carrier, L. P. Kuykendall, doing business under the name of Ever Ready Transfer & Storage Company. Both the carrier and insurer were joined as defendants. Trial before the court without a jury resulted in a judgment

against both defendants. The Court of Civil Appeals affirmed the judgment. 79 S. W. (2d) 881. The carrier did not appeal.

1 The Court of Civil Appeals expressed the view that in a suit in which the policy merely conforms to statutory requirements of the section of the article referred to, the insurer can not properly be joined with the carrier. The conflict upon this question had not then been settled. The opinion in the case of Grasso v. Cannon Ball Motor Freight lines et al., 125 Texas 154, 81 S. W. (2d) 482, written by Justice CRITZ, then Commissioner, settled the question in accordance with the view expressed.

2 The Court of Civil Appeals expressed the further view however that the policy issued to the carrier in the present case goes "very much further than required by law, and contains provisions which are wholly inconsistent with the contention that no suit will lie against the insurer until the claim against the carrier is reduced to judgment."

The provisions referred to are contained in an endorsement attached to the policy. This endorsement provides that,

" * * * in consideration of the stipulations herein named * * * this policy is extended to indemnify the insured for an amount not exceeding One Thousand ($1,000) Dollars on the contents of any one truck, insured hereunder, on account of the assured's legal liability for loss or damage of lawful goods and merchandise consisting principally of various the property of others only while being transported and contained in or on automobile trucks owned and operated by the assured pursuant to a certificate of public convenience and necessity issued to the assured by the Railroad Commission of Texas. This endorsement insures against loss or damage directly caused by,

" '(a) Fire, caused by self-ignition or internal explosion of the conveyance or by lightning;

" '(b) Flood (meaning rising navigable waters only) ;

" '(c) Tornado, cyclone or windstorms, excluding loss or damage caused by hail, rain, sleet or snow, whether driven by wind or not.' "

* * *

Further provisions of the endorsement are:

"Payment of Loss: All *adjusted* claims under this endorsement shall be due and payable thirty (30) days after presentation and *acceptance* of proofs of interest and loss * * * provided, however, that no loss will be paid hereunder if the *assured* has collected the same from others.

"The *conditions* as provided in the policy to which this en-

dorsement is attached shall apply insofar as may be consistent, etc. * * *

"Nothing herein contained shall be held to vary, alter, or waive or extend any of the agreements or conditions of the under mentioned policy other than as above stated.

"The policy to which this endorsement is attached is written in pursuance of and *is to be construed* in accordance with Chapter 314, General and Special Iaws of the Forty-first Legislature of Texas, 1929, and all amendments thereto." (Now Section 13 of Article 911b.) (Italics ours.)

Under the paragraph of the policy dealing with investigation and defense it is stipulated that the insurer will "defend in the name and on behalf of the insured all suits thereon, *whether groundless or not.*" (Italics ours.) It is also stipulated in the policy as one of its "conditions" that "all rights hereunder are *strictly personal to the assured named in this policy.*" (Italics ours.)

The Court of Civil Appeals concluded that the insurer voluntarily increased the required statutory coverage, and by the terms of the endorsement provided coverage against loss by fire, flood or tornado caused by "acts of God," and coverage in the matter of adjusted claims; and also that recovery for such loss and upon such claims could be had by the shipper in a direct action against both the carrier and the insurer.

We are not in accord with the latter conclusion.

It is conceded that the effect of the provisions contained in the endorsement is to extend the policy coverage beyond that required by the statute. We find no provision however that converts the policy as a whole from one of indemnity into one subject to direct action by the shipper against the insurer and carrier as codefendants. All of the policy provisions, including those set out in the endorsement, must be construed together.

It will be noted that by specific provision all rights under the policy are declared to be strictly personal to the assured named therein.

3 If suit should be filed upon some provision of extended coverage under the terms of which the carrier is not liable, the insurer is not without liability to protect its carrier, since it is obligated to defend the action *even though groundless.* It is entitled however by clear stipulation in the policy to defend the action "in the name" of the insured and not as a codefendant with the insured. If the suit should be filed upon an adjusted claim it would, if properly filed, be upon the adjustment con-

tract made by the parties rather than by direct action upon the policy. This is not such a suit.

We are cited to no provision of the policy, and find none, that by fair construction warrants the conclusion that the protection against loss afforded thereby is by way of direct action against the carrier and the insurer as codefendants. The endorsement itself states that it is written and attached to the policy "in pursuance of and is to be construed in accordance with" Section 13 of Article 911b. It is settled that it was the legislative intent in the enactment of this section of the article, as it was in the enactment of Section 11 thereof, to deny the shipper the right to join the insurer as a codefendant with the carrier. Grasso v. Cannon Ball Freight Lines, supra.

4 It follows from what has been stated that the trial court erred in not sustaining the insurer's plea in abatement alleging misjoinder of parties, and that the Court of Civil Appeals erred in affirming the judgment. Grasso v. Cannon Ball Motor Freight Lines, supra; Bransford v. Pageway Coaches, Inc., et al., 129 Texas 327, 104 S. W. (2d) 471, and cases there cited.

While the carrier did not appeal it is necessary in view of another trial that the judgments be reversed and the cause remanded as to both defendants. American Indemnity Co. v. Martin, 126 Texas 73, 84 S. W. (2d) 697; Webster et al. v. Isbell et al., 128 Texas 626, 100 S. W. (2d) 350.

It is accordingly so ordered.

Opinion adopted by the Supreme Court June 2, 1937.