**EMPLOYERS' FIRE INS. CO. OF BOSTON, MASS., v. McCRARY.**

**No. 3629.**

Court of Civil Appeals of Texas. El Paso.

Nov. 4, 1937.

Rehearing Denied Nov. 18, 1937.

Jones, Hardie, Grambling & Howell, of El Paso, for appellant.

R. L. Holliday and Wm. Craig Peticolas, both of El Paso, for appellee.

WALTHALL, Justice.

This case was originally brought and tried to judgment in the justice of the peace court, and duly appealed and tried in the El Paso county court at law, from which court this appeal is prosecuted.

The case was tried to the court without a jury and upon an agreed statement of facts, with the added testimony of the witness C. M. Irvin.

The facts and the evidence in the case are undisputed, and, summarized, are as follows: Appellee, McCrary, had a permit from the Railroad Commission to operate a truck line at the time and place involved here, and by section 13, article 911b, Vernon's Annotated Civil Statutes of Texas, and the regulations of the Railroad Commission in obtaining a policy of insurance. The policy of insurance was issued by appellant. While transporting a cargo of shoes for Horwitz Brothers, the shipment was damaged by getting wet in a rainstorm. In a former suit Horwitz Brothers secured a judgment against appellee in the sum of $195.50 and costs, as the damages to the shipment of shoes. The judgment was paid by appellee, McCrary.

This suit was brought by McCrary against appellant to recover on the policy for the

$195.50 judgment paid by him as the damages sustained in said shipment.

Appellant defended against the suit by reason of provisions or clauses in the policy as follows:

"This policy insures against loss or damage to such goods by reason of the following perils:

"(a) Fire, including self-ignition and internal explosion, and lightning;

"(b) Perils of the seas, lakes, river and/or inland waters while on ferries only;

"(c) Collision, i.e., accidental collision of the motor truck with any other automobile, vehicle or object;

"(d) Overturning of the motor truck; collapse of bridges and/or docks."

"This policy does not insure * * *

"(E) Loss or damage to goods by delay, wet, dampness, or by being spotted, discolored, mouldy, rusted, frosted, rotted, soured, steamed or changed in flavor except the same is the direct result of a peril insured against."

The mimeographed cargo indorsement referred to in the record as Railroad Commission Form No. 102, reads as follows:

"Cargo Endorsement

"The policy to which this endorsement is attached is written in pursuance of and is to be construed in accordance with Chapter 314, General and Special Laws of the Forty-first Legislature of Texas, 1929, and all amendments thereto and all rules and regulations promulgated thereunder by the Railroad Commission of Texas.

"In consideration of the premium stated, the insurer hereby waives a description of the vehicles insured herein and notwithstanding anything in the policy to the contrary agrees that this policy covers the legal liability of the named assured while operating as a motor carrier under the provisions of the above Statute for the loss, damage or injury to property of any character of description while in the possession and or costody of the assured while being transported or for the purpose of being transported, whether such property be actually at the time of its loss, damage or injury, on the motor freight vehicle, in a warehouse or other place of receiving or delivery and regardless of the cause of such loss, damage or injury, even though the vehicle used by the assured may not be specifically identified herein, and the insurer herein agrees to pay all damage which may be recovered against the assured based on such legal liability arising during the term of the policy without regard to the solvency or insolvency of the assured, and this policy shall not be exhausted by one recovery but successive recoveries may be had thereunder.

"No defense which is available to the insurer as against the assured under the provisions of this policy, as originally written, shall be available to the insurer as against a judgment creditor of the said assured after judgment shall have been rendered against such assured upon any claim for loss or damage to property growing out of the actual operation of the motor freight vehicles of the assured, or while such property is in the possession and/or custody of the assured, but it is further understood and made a part of this policy that this endorsement shall not affect the contract or relation existing under the policy between the assured and the insurer independent of this endorsement.

"This policy cannot be cancelled by either the insurer or the assured until, after thirty days from receipt by the Railroad Commission of Texas, of notice of intention to cancel.

"Attached to and forming a part of Policy No. ML-702169, issued by Employers Fire Insurance Company to Thomas Marion McCrary D/B/A Elite Truck Line.

"_____
"Agent

"Motor Carrier Form No. 102
"Revised August 22, 1931."

The sole question presented here under appellant's propositions involves the construction to be placed upon the above cargo indorsement clause, appellee contending that the cargo indorsement clause changed the effect of the clause which excluded the liability clause in the policy against loss or damage to goods by becoming wet—the appellant contending that the cargo indorsement clause rendered the appellant liable to third persons for all risks, but in no way does said clause change or affect the above exclusion clause against loss by the goods becoming wet.

Section 13 of article 911b of Vernon's Annotated Civil Statutes provides that a motor carrier shall file with the Railroad Commission a bond or insurance policy in the amount to be fixed by the commission,

and that said bond or insurance policy shall provide that the obligor therein will pay to the extent of the face amount of such insurance policy all judgments which may be recovered against the motor carrier so filing said insurance policy, based on claims for loss or damage from personal injury or loss of, or injury to property occurring during the term of said policy and arising out of the actual operation of such motor carrier, and provides for successive recovery to the exhaustion of the face amount of such bond or policy. Appellee construes the above provision of the statute as providing that the insurer shall pay all judgments recovered against the insured regardless of the cause of the loss or damage, and that the commission having added the cargo indorsement clause to the policy, appellant adopted said clause as a part of its policy, under the rule of strict construction of the policy, and the reason for the rule being that since the insurer writes the policy it is in a position to make plain its provisions, and save the policy from ambiguity.

██ In considering the circumstances under which the policy in this case was written, which we must do in order to understand the policy of insurance as a contract between appellant and appellee, the record shows that appellee was operating a truck line by the use of a truck or trucks in carrying freight to points between El Paso and Fort Stockton, Tex., and that while transporting a cargo of shoes the shoes were damaged by becoming wet by reason of a rain storm. The original suit was against the carrier for the damages to the shoes, which he paid, and the present suit is by the carrier against appellant, the insurer, to recover the damages paid.

The policy clearly specifies the items of perils against which loss or damage to such goods as might occur in transportation, and clearly states the items of peril against which loss or damage might occur to such cargo in the transportation, and against such loss or damage the policy does not insure. The loss or damage occurring to the goods by becoming wet is specifically excepted by the terms of the policy as not insured. The policy as written was accepted by the commission, and the mimeographed cargo indorsement was attached, and in the indorsement it is stated that in consideration of the premium stated (in the policy) the insurer waives the matter stated (not involved here), and agrees that this policy covers the legal liability of the named assured while operating as a motor carrier under the provisions of the above statute (previously referred to) for the loss or damage or injury, on the motor freight vehicle, and the insurer agrees to pay all damage based on legal liability.

While the cargo indorsement provides that no defense which is available to the insurer as against the assured under the policy shall be available to the insurer as against the judgment creditor of the assured after judgment rendered against such assured for the loss or damage (whatever that may be construed to embrace), the cargo indorsement then provides:

"But it is further understood and made a part of this policy that this endorsement shall not effect the contract (the policy contract) or relation existing under the policy between the assured and the insurer independent of this endorsement."

This suit, as we construe it, is by direct action upon the policy. The citation, appellee's pleading in the case, after stating that appellee did secure the policy described, recites that under the terms of said policy said insurance company did agree and obligate themselves, for a premium paid by the said Tom McCrary, to pay all claims and damages to the shipper of merchandise while being transported by the plaintiff, Tom McCrary, and prays for judgment for $199, and for general relief. The citation recites that shipper of the goods recovered judgment of $195.50 against appellee for the loss incurred in the shipment, and paid by appellee. No reference is made in the citation to the cargo indorsement attached to the policy, nor to the loss or damage to insure which the policy was issued. As said by the Commission of Appeals in Lloyds America v. Brooks, 105 S.W.(2d) 660, 662, "If the suit should be filed upon an adjusted claim, it would, if properly filed, be upon the adjustment contract made by the parties rather than by direct action upon the policy. This is not such a suit."

The "adjustment contract made by the parties" necessarily embraced the loss or damage insured by the policy, and would not embrace a loss or damage specially excluded in the policy contract made by the parties, appellant and appellee.

But could it be that this suit was upon the adjusted claim and not directly upon the policy? We think that the judgment in favor of the shipper of the goods against appellee for the loss or damage caused by

a peril not insured, but by the policy contract expressly excluded from insurance, would not give appellee a cause of action against the insurer, whether the suit was based upon the adjustment contract or upon the policy.

For reasons stated, the case is reversed and here rendered for appellant.