MRS. KATIE MAE SEATON ET AL. V. A. S. PICKENS ET AL.

No. 6427. Decided November 27, 1935.
(87 S. W., 2d Series, 709.)

*White & Yarbrough,* of Dallas, for plaintiffs in error.

*James F. Gray, Goggans & Keith* and *J. L. Goggans,* all of Dallas, *Joe A. Keith,* of Sherman, and *Chas. L. Black,* of Austin, for defendants in error.

*T. Whitfield Davidson,* of Dallas, filed brief as amicus curiae.

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Plaintiff in error Mrs. Seaton, a guest in an automobile owned and operated by defendant in error Pickens, was injured in a collision and sued both Pickens and his insurer, plaintiff in error Universal Automobile Insurance Company, asserting a right to join the insurance company as a defendant in her suit for damages against Pickens, because the company in its policy issued to Pickens had contracted to pay and satisfy all judgments rendered against Pickens on account of injuries inflicted by the automobile.

The insurance company's plea in abatement and exception contesting its joinder as a defendant were overruled. After trial before a jury judgment was rendered in favor of Mrs. Seaton against both Pickens and the insurance company for $6500. The Court of Civil Appeals reversed and remanded the cause on account of misconduct of the jury, but construed the policy as creating primary liability on the part of the insurance company in favor of one injured by the assured's negligence, and sustained the trial court's action in overruling the company's plea in abatement and exception. 51 S. W. (2d) 1050.

The decision of the Court of Civil Appeals, in its construction of the policy and in its ruling with respect to joinder of the insurer, is contrary to several recent decisions in which opinions written by the Commission of Appeals were adopted by the Supreme Court, namely: Universal Automobile Insurance Company v. Culberson, decided October 30, 1935, 126 Texas, 282, 86 S. W. (2d) 727 and 87 S. W. (2d) 475; Grasso v. Cannon Ball Motor Freight Lines, 125 Texas, 154, 81 S. W. (2d) 482; Moxon v. Ray, 125 Texas, 24, 81 S. W. (2d) 488; American Fidelity & Casualty Co. v. McClendon, 125 Texas, 41, 81 S. W. (2d) 493; Kuntz v. Spence, 67 S. W. (2d) 254; American Indemnity Company v. Martin, 126 Texas, 73, 84 S. W. (2d) 697.

The policy of insurance issued by plaintiff in error Universal Automobile Insurance Company insured Pickens "against direct loss by reason of liability imposed by law upon the assured for damages by reason of the ownership or maintenance of the automobile * * * if such loss be sustained on account of bodily injuries or death accidentally suffered or alleged to have been suffered by any person or persons as the result of an ac-

cident occurring while this policy is in force." The policy specifically states the limits of the company's liability to be: (A) To investigate all accidents and to employ attorneys to represent the assured in all suits; (B) "In event a final judgment be rendered against the assured to pay the same to an amount not exceeding the limits specified herein"; (C) To pay all costs taxed against the assured in any such defended suit, all interest accruing after entry of judgment, and any expense incurred by assured for immediate and imperative surgical relief.

The policy provides that all rights under the same are strictly personal to the assured, but contains a paragraph stating that insolvency or bankruptcy of the assured shall not release the company from the payment of damages for injury or loss occasioned during the life of the policy, and that in case execution against the assured is returned unsatisfied in an action brought by the injured person, "an action may be maintained by the injured person against the company for the amount of the judgment of said action not exceeding the amount of the policy."

The identical policy, issued by the same company, was construed in Universal Automobile Insurance Company v. Culberson, supra. It was there held: that the policy was a contract of indemnity against loss and expense rather than a contract of insurance against liability for loss and expense; that suit by the assured, to recover of the insurer the amount of a judgment rendered against the assured in a suit by the injured person, was subject to abatement as prematurely brought, because the assured had not paid the judgment or any part of it; that by the terms of the policy the company was directly obligated to pay such judgment to the injured person and to pay all costs to the officers of the court; that in the event the company, after rendition of final judgment against the assured in the suit by the injured person, should refuse to pay the same to an amount equal to the limits specified in the policy and should refuse to pay the costs taxed against the assured, then the assured could bring a suit against the insurer to enforce payment of the judgment and costs without first paying the same, provided such suit was expressly brought for the use and benefit of the holder of the judgment and the officers of the court; that the injured person, the holder of such judgment, had, on account of the bankruptcy and insurance clause and after return unsatisfied of execution issued against assured, the right to prosecute a suit against the company in her own behalf for the amount of the judgment not exceeding the amount of the policy,

with interest from the date of entry of the judgment; and that failure on the part of the assured to cooperate with the company, as required by the policy, in the defense of the suit brought by the injured person against the assured could be urged in defense of a suit to compel the company to pay the amount of the judgment rendered in the first suit, whether such subsequent suit was brought by the assured or by the person injured.

It follows from the construction placed on the policy by that decision that the insurance company was improperly joined in the suit brought by Mrs. Seaton against Pickens, and that her suit was prematurely brought against the company. The liability of the insurer under the policy is primarily to indemnify the assured against loss. No right of action on account of injury to a third person arises, either in favor of the assured or in favor of the injured person, against the insurer until after final judgment has been rendered against the assured in the injured person's suit against him.

It is not expressly stated in the opinion in Universal Automoble Insurance Company v. Culberson, supra, that one who has obtained a final judgment against the assured for injury suffered from the operation of the automobile may, when the insurer fails or refuses to pay the judgment, maintain an action against the insurer to enforce payment of the judgment without first causing execution to be issued against the assured, but that he may so maintain such action follows from the construction of the policy as directly obligating the company to pay the final judgment to the injured person and from the ruling that the assured may maintain an action against the insurer to enforce payment of the judgment, without first paying the same, provided the suit is brought for the use and benefit of the injured person. Under the construction given the policy the injured person, after obtaining final judgment against the insured, may sue the insurer to enforce payment of the judgment without causing execution to be issued against the assured, or he may cause execution to be issued against the assured and sue the insurer to enforce payment of the judgment in the event the execution is returned unsatisfied.

The same construction is given to the policy of insurance involved herein in respect to the right of an injured person to join or to sue the insurer as was given in Grasso v. Cannon Ball Motor Freight Lines, and other decisions above cited, to the statute requiring motor carriers to procure and file bonds or policies of insurance binding the insurer to pay to the ex-

tent of the face amount of the policy all judgments which may be recovered against such motor carriers based on claims for loss or damages for personal injury or loss of or injury to property. The policy, because it binds the insurance company to pay final judgments rendered against the insured in favor of persons injured by the operation of the automobile, inures to the benefit of such injured persons, as well as to the benefit of the assured, but a final judgment against the assured is by the policy made the basis of a suit by an injured person; and when the injured person joins the insurer in the suit by which he seeks to establish the liability of the assured, the suit must be abated as to the insurer, both because of improper joinder and because the suit is prematurely instituted.

The policies constructed in Kuntz v. Spence and American Indeminity v. Martin, supra, contained clauses providing in substance that no action should lie against the insurer for any loss under the policy until the amount of the damages for which the assured might be liable should be determined, either by final judgment against the assured or by agreement. It was held that the policies could not in the face of such "no action" clauses be construed as giving a direct right of action to the injured party before judgment against the assured. The policy in the instant case does not provide in terms that no action shall be brought on it until after judgment in favor of the injured person against the assured, but its effect is the same when it specifically states the limit of the company's liability as being the payment of a final judgment that may be rendered against the assured. As said in one of the briefs, "There can be no difference in legal effect between language which affirmatively bestows the right of action after the recovery of a final judgment against the assured and a policy general in its insuring terms, with further provison that there shall be no liability until after a final judgment shall have been rendered against the assured."

The cause must be reversed and remanded because of the trial court's action, which was prejudicial to both defendants, in overruling the plea in abatement. Other assignments need not be considered, as they relate to alleged misconduct of the jury, improper argument, and similar alleged trial errors which probably will not again occur.

The judgment of the Court of Civil Appeals reversing and remanding the cause is affirmed, but with direction to the trial court to sustain the insurance company's plea in abatement.

Opinion adopted by the Supreme Court November 27, 1935.