J. H. BRANSFORD V. PAGEWAY COACHES, INCORPORATED, ET AL.

No. 6801. Decided April 28, 1937.
(104 S. W., 2d Series, 471.)

*Grisham* Brothers and *J. A. Lantz,* all of Eastland, for plaintiff in error.

Plaintiff had a potential right to recover against both the bus company and its insurer, and as his cause of action against both arose out of the same transaction, the potential liability of said two companies was joint and several, and he had a right to have his cause of action in its entirety adjudicated as against both of said companies in one and the same action. Paul v. Dutton, 55 S. W. (2d) 606; Caprito v. Weaver, 63 S. W. (2d) 1043.

The answer of the jury to the special issue on unavoidable accident being without support in the evidence, it was error for the Court of Civil Appeals to hold that because said answer was in direct conflict with the jury's findings upon the issue of defendant's negligence, the said answers were mutually destructive of each other and the judgment was without proper basis in the verdict. Dallas Ry. & Term. Co. v. Garrison, (Com. App.) 45 S. W. (2d) 183; Morrison v. Antwine, 51 S. W. (2d) 820; Texas Interurban Ry. Co. v. Hughes, 34 S. W. (2d) 1103.

*Turner, Seaberry & Springer,* of Eastland, for defendants in error.

It was error for the trial court to overrule the plea in abatement of the insurance company. Cannonball Motor Freight Lines v. Grasso, 125 Texas 154, 81 S. W. (2d) 482; Moxon v. Ray, 125 Texas 24, 81 S. W. (2d) 488.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Defendant in error Pageway Coaches, Inc., was engaged in operating motor buses as a common carrier under the provisions of Chapter 270, Acts Regular Session, 40th Legislature, 1927, as amended by Chapter 78, Acts First Called Session 41st Legislature, 1929 (Vernon's Annotated Civil Statutes, Article 911a); and carried the insurance required by Section 11 of that law with defendant in error American Fidelity & Casualty Company, Inc. Plaintiff in error sued the bus company for damages on account of personal injuries suffered by him, his wife and child, and damage done his automobile in a collision between the automobile and a bus operated by the bus company, joining the insurer as defendant. The trial court overruled pleas in abatement filed by both defendants contesting the joinder of the insurer and, after trial with a jury, rendered judgment against both defendants. The Court of Civil Appeals reversed and remanded the cause, holding that the insurer was improperly joined. 71 S. W. (2d) 561. Writ of error was granted on account of conflict on the question of joinder with several decisions of different Courts of Civil Appeals.

1 That the Court of Civil Appeals correctly decided this question has been settled by several decisions since the writ of error was granted. The trial court's action in overruling the pleas in abatement and requiring the bus company to proceed to trial with the insurer as codefendant was clearly prejudicial to the bus company as well as to the insurer. Even if it be assumed that some of the jurors knew that the bus company was required by law to carry insurance, the presence of the insurer as a party defendant emphasized, and brought directly to the attention of the jurors, the fact that the bus company was protected by insurance. Grasso v. Cannon Ball Motor Freight Lines, 125 Texas 154, 81 S. W. (2d) 482; Moxon v. Ray, 125 Texas 24, 81 S. W. (2d) 488; American Fidelity & Casualty Co. v. McClendon, 125 Texas 41, 81 S. W. (2d) 493; Kuntz v. Spence, (Com. App.) 67 S. W. (2d) 254; Seaton v. Pickens, 126 Texas 271, 87 S. W. (2d) 709; Universal Automobile Insurance Co. v. Culberson, 126 Texas 282, 86 S. W. (2d) 727; 87 S. W. (2) 475; American Indemnity Co. v. Martin, 126 Texas 73, 84 S. W. (2d) 697; Webster v. Isbell, 128 Texas 626, 100 S. W. (2d) 350.

2 The trial court submitted to the jury as one of the special issues the question: "Do you find from a preponderance of the evidence that the collision in question was not the result of

an 'unavoidable accident' as that term is defined in this charge? Answer Yes or No." The jury answered "No." Unavoidable accident was defined in the charge: " 'Unavoidable Accident' as that term is used is meant an accident which occurs or exists where the injuries or damages are not proximately caused by any negligence of commission or omission on the part of either the plaintiff or the defendants. It is an accident that is not contributed to by the negligence of either party." The jury further found in response to a number of special issues that the driver of the bus was negligent in several respects and that each of his acts of negligence was a proximate cause of the injury.

The Court of Civil Appeals correctly held that the jury's finding upon the issue of unavoidable accident was in direct conflict with the findings upon the issues as to the bus company's negligence and that on account of such conflict judgment should not have been rendered for either party. Texas Interurban Ry. Co. v. Hughes, (Com. App.) 53 S. W. (2d) 448.

3  Plaintiff in error contends that the trial court was justified in disregarding the finding on the issue of unavoidable accident because there was no evidence raising that issue. We have carefully examined the testimony of the witnesses to the collision and it is our opinion that the issue was raised by the testimony of the driver of the bus. He testified in substance: that as he approached the place where the collision occurred he saw the headlights of plaintiff's approaching automobile about 75 yards away, was blinded by the lights and dimmed his own lights but plaintiff did not return the courtesy; that he saw a man standing on his side of the road behind a car parked on the road without any lights; that when he saw the man and the parked automobile he was too close to them to be able to stop and could not turn off the road to the right because of a curve sign about even with the man; that he was compelled to turn to the left to avoid striking the man and the parked car and in so doing he struck the left side of the plaintiff's automobile, the space between it and the parked car not being wide enough for the bus to pass through.

4  We also agree with the conclusion of the Court of Civil Appeals that separate issues should have been submitted as to the amount of damages sustained by each of the injured persons and another issue as to the amount of damage to the automobile.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court April 28, 1937.