**SERVICE MUT. INS. CO. OF TEXAS v. ERSKINE et al.**
**No. 2490.**

Court of Civil Appeals of Texas.
Tenth District.
March 11, 1943.

Scott & Wilson, of Waco, for appellant.
Cecil R. Glass, of Marlin, for appellees.

TIREY, Justice.

This is an appeal from an order overruling plea of privilege filed by The Service Mutual Insurance Company of Texas, "a third-party defendant," under Rule 38, Vernon's Texas Rules of Civil Procedure, to be sued in McLennan County, the county of its residence. The cause was tried without a jury and the action of the court is assailed substantially on the ground that plaintiff did not sue the Insurance Company, and that the defendant's cross-action against the Insurance Company was based solely on an asserted breach of an oral executory contract to renew a compensation policy of insurance containing a "no action clause" and by reason thereof a part of the cause of action "had not arisen at the time the plea was filed." The point requires a comprehensive statement.

Plaintiff Erskine, a resident citizen of Falls County, brought this suit in the District Court of said county against Durwood Chatham, a resident citizen of Falls County. He alleged substantially that Chatham was engaged in the business of operating a cotton gin in said county and was an employer within the meaning of the Workmen's Compensation Law of this state, Vernon's Ann.Civ.St. art. 8306 et seq., and that plaintiff was an employee of defendant within the meaning of such Act, and that while plaintiff was operating a gin stand in the furtherance of the usual business of his said employer he received an injury to his left arm, on September 3, 1941, and that same was amputated as the result of said accident; that defendant carried a policy of workmen's compensation insurance at all times up to July 15, 1941; that on said date the defendant, without notice to this plaintiff, ceased to be a subscriber for workmen's compensation insurance and on the date plaintiff received his injuries defendant was not a subscriber and plaintiff could not recover for his injuries under the Workmen's Compensation Law of the State of Texas. Plaintiff alleged that at the time he received his injuries had defendant been a subscriber to workmen's compensation insurance he would have been entitled to recover 60% of his average weekly wage amounting to a total of $3,300; and that he would have been entitled to a lump sum settlement and doctors' and hospital bills necessarily incurred. Plaintiff sought to recover against Chatham the amount he would have been entitled to recover over against the compensation carrier if such policy had been in force and effect.

The trial court, on application of Chatham, granted to him permission to file a cross-action against The Service Mutual Insurance Company. Chatham's cross-action alleged substantially that he had been sued by the plaintiff for damages arising out of an accident which plaintiff sustained in the course of his employment with defendant, "as more fully shown by the plaintiff's petition which is on file herein, and made a part hereof for all purposes"; that Chatham began the operation of a cotton gin in Falls County in the year 1938, and he had in his employ more than three employees, and that he became a subscriber to workmen's compensation; that the Company issued to this defendant, on July 15, 1938, its policy of compensation insurance, by the terms of which it agreed to pay any employee of this defendant the sums of money due under the Compensation Law in the event an employee received a compensable injury; that this defendant had numerous policies with said third-party defendant, and said third-party defendant from time to time renewed all of said policies, including the workmen's compensation policy, until July 15, 1941, at which time it failed to renew the workmen's compensation policy to this defendant, which policy expired July 15, 1941; that prior to the expiration of said compensation policy, the third-party defendant agreed with the defendant that it would issue and renew said compensation policy each time it expired without notice from defendant to do so; that it would continue to renew such compensation policy unless said third-party defendant actually notified the defendant prior to the expiration of such policy that it would no longer carry said policy or renew same; that this defendant did not know that such compensation policy had not been renewed and that same had expired on July 15, 1941; that at the time said plaintiff herein was injured on September 3, 1941, this defendant immediately notified said Company of said injury, and said Company at said time denied liability and refused to defend the suit filed by plaintiff. Defendant alleged "that the agreement on the part of the defendant insurance company to keep said policy of insurance in force was made with this defendant in Falls County, Texas, and the injury to the plaintiff occurred in Falls County, Texas, and the cause of action herein asserted against said defendant insurance company by this defendant arose in Falls County, Texas." Defendant in his prayer asked that "he have judgment over against said third-party defendant for whatever amount of money the plaintiff obtains against this defendant" and for attorney's fees and all expenses and for costs.

The Company seasonably filed its plea of privilege and Chatham filed his controverting plea. The controverting plea referred to the cross-action filed by him against said third-party defendant and attached a copy of the same to such plea and made it a part of the same for all purposes, and it alleged that the allegations contained in said cross-action were true and correct. Said controverting plea alleged that Erskine and Chatham both resided in Falls County, Texas, and "that said third-party defendant, under the terms of the Workmen's Compensation Law and under and by virtue of the provisions contained in the insurance policy herein sued upon, is directly and primarily liable to the plaintiff * * * for a portion of the damages alleged to be due said plaintiff by virtue of the injuries he is alleged to have received while in the employ of this defendant. That said injury occurred in Falls County, Texas; that the claim of the plaintiff herein sued upon arose out of and is incident to the claim of this defendant against said third-party defendant," and he prayed that the plea of privilege be overruled.

Exceptions (c) and (d) of Rule 38, Vernon's Texas Rules of Civil Procedure, provide:

"(c) This rule shall not be applied, in tort cases, so as to permit the joinder of a liability or indemnity insurance company, unless such company is by statute or contract liable to the person injured or damaged.

"(d) This rule shall not be applied so as to violate any venue statute, as venue would exist absent this rule."

After much consideration we are of the opinion that the exceptions (c) and (d) are controlling in this matter and that each of them entitles the Insurance Company to have its plea of privilege sustained and the cause transferred to McLennan County.

In the first place, let us consider and apply exception (c) to the case made by plaintiff's petition. Plaintiff alleged that Chatham had no compensation insurance at the time he received his injuries and that he could not recover under the compensation law and by reason of such

allegations it is clear that there is no basis for plaintiff to recover over against the Insurance Company. Either there was a compensation policy in force and effect or there was not, and plaintiff alleged there was not. Since there was neither statutory nor contract liability of the carrier to the plaintiff, the plaintiff's cause of action, if any he had against such carrier, sounded in tort and by reason thereof exception (c) is applicable to the fact situation here presented. It is true that Chatham, in his controverting plea, said "that said third-party defendant, under the terms of the workmen's compensation law and under and by virtue of the provisions contained in the insurance policy herein sued on, is directly and primarily liable to the plaintiff * * * for a portion of the damages alleged to be due said plaintiff by virtue of the injuries he is alleged to have received while in the employ of this defendant," but such allegation is inconsistent with and contradictory to the allegations in the plaintiff's petition to the effect that the compensation policy had expired on July 15, 1941, and that the compensation policy was not in force and effect and that he could not recover for his injuries under the Compensation Law, as well as the allegations in the defendant's cross-action to the effect that the carrier had agreed to renew and extend said policy and had failed to do so. Since the defendant's cross-action adopted the plaintiff's petition and since the controverting plea attached a copy of the cross-action to such plea and adopted the same, we think it is inescapable that the cause of action alleged by plaintiff, as well as the cause of action alleged by Chatham, is one sounding in tort. Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347. We think the fact situation here presented distinguishes this case from the case of Anderson-Berney Realty Co. v. Soria, Tex.Civ.App., 41 S.W.2d 279 (Id., 123 Tex. 106, 67 S.W.2d 222), because in the Soria case the plaintiff alleged that the compensation policy was in force and effect, and after the suit was filed it was discovered that the employer had allowed the insurance policy to lapse and the carrier was dismissed from the case. In the case at bar if plaintiff had alleged that such policy was in force and effect, it is well settled that his remedy would have been to have filed his claim with the Industrial Accident Board. See Lumbermen's Reciprocal Ass'n v. Henderson, Tex.Com. App., 15 S.W.2d 565; Commercial Casualty Ins. Co. v. Hilton, 126 Tex. 497, 87 S. W.2d 1081; Texas Employers Ins. Co. v. Kennedy, 135 Tex. 486, 143 S.W.2d 583, points 6-7.

Now let us consider exception (d) and apply it to the facts of the case at bar. It provides: "This rule shall not be applied so as to violate any venue statute, as venue would exist absent this rule." "To deprive a defendant of the right of trial in the county of his domicile, the case filed against him must clearly come within one of the exceptions found in this [venue] statute, and the burden rests upon the plaintiff to allege and prove that the case comes within the exception. * * * A cause of action has been defined 'as a fact or facts entitling one to institute and maintain an action, which must be alleged and proved in order to obtain relief.'" A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619, 621. Did Chatham carry this burden? We think not. His cause of action against the carrier is grounded on the breach of his oral contract with the carrier to renew the compensation policy that expired on July 15, 1941. "The very request to renew a policy * * * implies that the new policy shall be exactly like and similar to the old policy." Springfield Fire & Marine Ins. Co. v. Hubbs-Johnson Motor Co., Tex.Com.App., 42 S.W.2d 248, point 9, at page 252. The compensation policy that expired in July, 1941, among other things, provided: "No action shall lie against the Company to recover upon any claim or for any loss under paragraph 1(b) foregoing unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by final judgment against its employer after trial of the issue or by agreement between the parties with the written consent of the Company, nor in any event unless brought within two years thereafter." It is without dispute that plaintiff's loss had not been fixed or rendered certain under the foregoing clause of the policy. It necessarily follows that Chatham has no action at this time against the carrier under the express terms of the policy upon which he relies for his indemnity. Since it is without dispute that no compensation policy was in existence at the time Erskine sustained his injury, it is clear to us that the clause of the contract quoted made the policy one of indemnity only. Graves v. Southern Underwriters, Tex.Civ.App., 130 S.W.2d 360, 362, writ dismissed; Universal Auto-

mobile Ins. Co. v. Culberson, 126 Tex. 282, 86 S.W.2d 727, 87 S.W.2d 475; Seaton v. Pickens, 126 Tex. 271, 87 S.W.2d 709, 106 A.L.R. 512. Our view is that Chatham wholly failed to plead and prove that a cause of action had arisen in his favor against the Company under the "no action clause" of the policy in question, and that by reason thereof he failed to plead and prove that his cause of action against the carrier came within subdivision 23 of Art. 1995, R.C.S. He alleged no other exception to the venue statute.

It follows that the judgment overruling the plea of privilege must be reversed and rendered and the cause of action asserted against the Insurance Company transferred to the District Court of McLennan County, as provided in Rule 89, Vernon's Texas Rules of Civil Procedure.

RICE, C. J., took no part in the consideration and disposition of this case.