Clifford PATTISON et al., Appellants,

v.

HIGHWAY INSURANCE UNDER-
WRITERS et al., Appellees.

No. 12790.

Court of Civil Appeals of Texas.

Galveston.

March 31, 1955.

Rehearing Denied April 28, 1955.

Wm. R. Brown and Alvin M. Owsley, Jr. and Baker, Botts, Andrews & Shepherd, Houston, of counsel, for appellant.

Dyess, Dyess & Jennings, and A. D. Dyess, Houston, for appellee.

CODY, Justice.

This is an appeal from a judgment sustaining special exceptions to plaintiffs' First Amended Original Petition and dismissing their suit with prejudice.

The Original Petition was filed by Clifford Pattison and wife, Helen Pattison, on November 10, 1951. Thereafter Helen Pattison died, and W. L. Pattison, as next friend of Clifford Pattison and the two minor children of Clifford and Helen Pattison, filed Plaintiffs' First Amended Petition.—The defendants consisted of (1) the driver of, and (2) the corporation which owned the truck which was involved in the collision with the automobile of Clifford and Helen Pattison which occurred on November 11, 1949, and (3) the insurance company which carried the public liability insurance on the truck.[1]

Plaintiffs alleged in substance (1) that, as a proximate result of the negligent operation of the truck, the collision in question resulted and that Clifford Pattison suffered personal injuries in the sum of $150,000 and Helen Pattison suffered personal injuries in the sum of $85,000 and (2) that after the collision Clifford and Helen Pattison employed attorneys to prosecute their claims for injuries resulting from the collision, and that the insurance carrier, through its agent, represented repeatedly to Clifford and Helen Pattison, and to their attorneys, and to their parents, that the limits of coverage of insurance carried on the truck in question was but $5,000 for injury to one person, and $10,000 for injury to all persons in one accident. That said insurance carrier, through its agent, represented that the corporation which owned the truck was insolvent. That said insurance carrier further certified to the Railroad Commission that the truck carried only the minimum insurance coverage required by law (i. e., $5,000/$10,000., and $5,000). That the representations aforesaid, and the certification as to the limits of insurance carried on said truck were falsely and fraudulently made to defraud Clifford and Helen Pattison, and to defraud any person who might be injured by the operation of said truck.

Plaintiffs further alleged that in fact the limits of liability in the policy of insurance were greatly in excess of those represented by the insurance company. That the insurance company further represented that provision had been made for medical expenses in the sum of $2,500 which could be made available in the settlement of the claims for injuries of Clifford and Helen Pattison. Plaintiffs further alleged that through the false and fraudulent representations of the insurance company aforesaid that Clifford and Helen Pattison were induced to enter into a settlement of their claims for $12,500. Further, that plaintiffs discovered the falsity of said representations and brought this suit within less than two years of the accident, etc.

Plaintiffs sought by their pleadings, as indicated above, first to cancel and rescind the settlement and the release given in connection therewith, and to recover on their alleged original cause of action for injuries received in the collision, and,

---

1. After the collision two successor corporations bought the assets and assumed the liabilities of the corporation which owned the truck involved in the collision, and each such corporation was made a party defendant also.

Secondly, and in the alternative, plaintiffs sought to have the settlement and release rescinded and cancelled on the ground that Clifford Pattison lacked mental capacity to contract when the release was executed, and, .

Thirdly, and in the alternative, plaintiffs sought to recover only against the insurance company on the grounds of the company's fraud and deceit.

Plaintiffs have predicated their appeal upon 15 formal points, 14 of which complain of the court's action in sustaining specific special exceptions. The first 6 points complain of the court's action in sustaining special exceptions to the making of the insurance company a party to the lawsuit and to all allegations concerning the insurance company, the insurance company claims adjuster, and the representations alleged to have been made, on the ground that the insurance company was not a proper party to the suit, and that coverage representations by the claims adjuster are immaterial, and that reference to the insurance company is an attempt improperly to inject insurance into the case; and further the allegation concerning alleged representations of insolvency of the truck owner was excepted to, as immaterial and prejudicial.

█ Plaintiffs assert that the main cause of action in their pleadings presents a case of the first impression. We believe they are correct in making such statement. In view of the fact that the court not only sustained the defendants' special exceptions to plaintiffs' petition but ordered the same dismissed with prejudice, we must take as true the allegations in plaintiffs' petition in order to test the correctness of the trial court's action. But it is to be understood, of course, that this acceptance of the truth of said allegations is only tentative and for the purpose indicated.

█ The policy of insurance here involved is written on a standard Texas automobile insurance form. It is now well settled that a suit by an injured person against the insurance company before he has ob-tained final judgment against the insured is prematurely brought; and it is further well settled that a suit by the injured person against the insurer in the same suit in which he attempts to fix the liability of the insured is abatable. Seaton v. Pickens, Tex.Com. App., 126 Tex. 271, 87 S.W.2d 709, 106 A.L.R. 512; Bluth v. Neeson, 127 Tex. 462, 94 S.W.2d 407; Bransford v. Pageway Coaches, 129 Tex. 327, 104 S.W.2d 471. It is ordinarily reversible error in a suit to recover for personal injuries for a plaintiff to get before the jury information that the defendant is protected by insurance. Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462. The rule just stated is not a universal one. Where information as to insurance is produced before the jury as an incident to the vindication of the injured person's legal rights, this does not constitute error. For instance, in the cross-examination of a witness produced by the defendant, it is competent for the injured person to prove that such witness wrote the policy of insurance which covers the defendant's automobile and this for the purpose of showing bias. Aguilera v. Reynolds Well Service, Inc., Tex.Civ.App., 234 S.W.2d 282, writ refused. The issue of the credibility of a witness is always a matter material to be brought before the jury.

█ While it is material in a workmen's compensation recoupment suit for the insurance carrier to intervene and to plead payment of benefits to the injured workman, this is a matter which is addressed only to the court. This, because it is not material on the trial of the issues of the third party's liability to the injured workman whether there was workmen's compensation carried and benefits paid or not. And, since information concerning workmen's compensation is not material on the determination of the issues of liability of the third party, and since such information would tend to confuse and mislead the jury in trying the issues of the third party's liability, it is reversible error for any pleadings or proof relating to such workmen's compensation to be brought before the jury. Myers v. Thomas, 143 Tex. 502, 507, 186 S.W.2d 811.

The release of their claims by Helen and Clifford Pattison, unless and until voided, stands as a bar to any suit brought to recover damages suffered by them in excess of $12,500; consequently, the pleadings and proof of facts which would render said release voidable are not only material but are vital to such additional recovery. In our opinion the allegations contained in plaintiffs' first or main cause of action, if true, entitle plaintiffs to have the settlement agreement rescinded and the release cancelled. We have carefully examined the said allegations and regard them as technically sufficient to warrant such rescission and cancellation. Said allegations state that the insurance company, through its representatives, caused Clifford and Helen Pattison to believe that the liability of the insurance company in no event was more than $12,500 and that the owner of the truck was insolvent, and the said Helen and Clifford Pattison, being so induced to believe, executed the release sought to be set aside. Allegations to the effect that the settlement which is offered is the greatest that the injured parties could hope to get because of the nonavailability of any greater sum of money, when untrue, is adequate grounds for cancellation of a release obtained by such representations. See Galveston, H. & S. A. Ry. Co. v. Walker, 110 Tex. 286, 219 S.W. 815; 20 Tex.Jur. 86, 87. Id. 44, 45.

The Highway Insurance Underwriters had the exclusive right to negotiate a settlement of claims of injury for which it would be liable under the policy. See G. A. Stowers Furniture Co. v. American Indemnity Co., Tex.Com.App., 15 S.W.2d 544. Said insurance company has a vested right in the release sought to be set aside unless and until the same is voided; and plaintiffs have no right to have the release voided unless the real party at interest is made a party to the suit. The insurance company has a direct interest in the maintaining of the validity of said release and so is a necessary party. Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472.

Plaintiffs' main action presents a case of first impression in Texas, and no Texas cases can be cited, but plaintiffs cite and we deem them reasonably in point: Toppass v. Perkins' Administratrix, 268 Ky. 186, 104 S.W.2d 423; State ex rel. St. Louis & S. F. Ry. Co. v. Daues, 316 Mo. 474, 290 S.W. 425; Automobile Underwriters, Inc., v. Rich, 222 Ind. 384, 53 N.E.2d 775.

We think the court's action in sustaining defendants' exceptions setting up that plaintiffs had plead tort actions which were improperly joined was wrong.

In connection with each cause of action plead by plaintiffs it was necessary for them to plead and prove the personal injury negligent-action and in that connection it was necessary for them to plead and prove that the claims for injury of Clifford and Helen Pattison warranted a recovery in excess of $12,500. Otherwise, plaintiffs could not prove they had suffered damages by reason of the alleged wrongful obtaining of the release. In their first or main cause of action plaintiffs sought to have the release voided for fraud in order to remove the release as a bar to proceeding upon the negligent-action cause. In their third cause of action, which plaintiffs plead, in the alternative to the first and second causes of action plead by them, the only defendant was the insurance company and in that action plaintiffs sought to recover damages by reason of the alleged false representations aforesaid. The proof necessary to be made in the first and third causes of action are the same and the court certainly had authority to permit such joinder, Rule 40, Texas Rules of Civil Procedure, and we think it was an abuse of discretion, if the court had any discretion in the matter, not to have these causes joined.

Plaintiffs' second cause of action stands on a different bottom from their first and third causes of action. In the second cause of action no tort on the part of the defendants in the obtaining of the release is alleged, and the basis for cancellation of the release is want of mental capac-

ity to contract. A release is not binding on one without the mental capacity to contract. 36 Tex.Jur. 806. But plaintiffs' second cause of action plead presents us with a dilemma. To present it in the same pleading with the first and third causes of action will allow the jury trying it to know that the owner of the truck is protected by insurance. On the other hand, we know of no authority for ordering it severed from, and tried separately from, plaintiffs' first and third causes of action. If plaintiffs should lose on the trial of their first and third causes of action, we infer that plaintiffs might be estopped by judgment from retrying the issues common to all three causes of action. We have concluded that the right of plaintiffs to have their second cause of action tried is superior to the right of defendants to have same tried as though it were an independent, rather than an alternative, cause of action. We therefore hold that the court erred in legal effect sustaining special exceptions to plaintiffs' second cause of action, and ordering same dismissed with prejudice.

▆▆▆. We think it was sufficient for the plaintiffs here to plead a willingness to credit any sum they might recover with the sum of $12,500 which had been received at the time that the release was executed. Plaintiffs alleged that the sum so received had been expended for necessaries such as medical bills, hospital bills, attorneys' fees, etc. In a case of this sort, it was not necessary for plaintiffs to do more than plead and prove that they could not return the sum received at the time of the execution and delivery of the release. Texas Employers Insurance Association v. Kennedy, 135 Tex. 486, 490, 143 S.W.2d 583. We also think that plaintiffs have the right to seek exemplary damages for their allegations make out a case of deliberate fraud with malicious intent. 20 Tex.Jur. 200. We believe the court erred in sustaining defendants' exceptions to the effect that the insurance claims adjuster must be taken to be the agent of the insured defendants and not the insurer. As pointed out above, the insured, not having any right to negotiate the settlement,

cannot be held liable for the representation of the insurer's claims adjuster. See G. A. Stowers Furniture Co. v. American Indemnity Co., supra. The insurance company is so liable.

▆▆▆ The defendants asserted in their brief certain matters which, if true, constitute a defense to plaintiffs' causes of action alleging false representations. Plaintiffs assert that defendants did not rely on any representations made by the claims adjuster but made their own independent investigation of the facts and relied on such investigation. Defendants attach letters to and from the Railroad Commission of Texas relating to the limits of insurance contained in the policy of insurance. No doubt in a motion for summary judgment it would be proper to attach exhibits and to make statements, if they are verified, but we know of no basis for this Court to undertake to pass upon defendants' defense before it is made in a trial court. The only questions properly before us are whether the court erred in sustaining the special exceptions complained of by plaintiffs.

▆▆▆ Defendants take the position that the fact that the wife of Clifford Pattison joined in the release is a complete answer to plaintiffs' second cause of action, and that if the husband was not mentally competent, the wife's joinder cured such defense. The husband is the manager of the community estate and we do not think that the authorities relied upon by defendants would make the joinder of Helen Pattison in the release cure the want of mental capacity of her husband to execute the release, if, in truth, he was mentally incapable.

▆▆▆ We think that the attorneys of the Pattisons who received $3,333.33 of the $12,500 which was paid, were not necessary parties to the suit. Though said attorneys may have been given an interest in the claim, it was in the nature of a fee and when it was paid it was the payment for their services. Plaintiffs have plead a willingness to credit any sum recovered with the full $12,500.

We think it unnecessary to discuss other points urged by plaintiffs.

The judgment of the trial court is reversed and the cause is remanded for a new trial.