**Pedro DEL BOSQUE, Appellant,**

v.

**HEITMANN BERING–CORTES CO., Appellee.**

**No. 15773.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 13, 1971.

Rehearing Denied June 10, 1971.

Tabor & Ray, M. Jack Tabor, Houston, for appellant.

Baker & Botts, James R. Coffee, Houston, for appellee.

COLEMAN, Justice.

Appellant, an employee of a tenant in a building owned by appellee, sued for damages for personal injuries which he received while attempting to operate a freight elevator. A "take nothing" judgment was entered after a jury trial.

Appellant and Mr. Sylvester, a fellow employee, entered the elevator and rode to the second floor for the purpose of moving some household goods from the second floor to the ground floor. Sylvester operated the elevator, which was activated by tiller ropes. When they reached the second floor, Sylvester lifted the gate and stepped out. The elevator stopped when the gate was lifted, but it was not level with the floor. Sylvester asked appellant to make it level. Appellant had never operated the elevator, but he had seen it done. He knew that it could be stopped by lifting the gate. He had seen other employees start it up and down by pulling on the ropes.

Appellant's testimony at the trial was not consistent with prior deposition testimony. However, the jury was entitled to believe the testimony given in court. There he testified that when he pulled on the rope he expected the elevator to go up. Instead it went down. He thought he was falling and he was scared. He caught hold of the second floor gate and held on while the elevator proceeded to the first floor. He had previously lost some of his fingers on one hand and was unable to hold on until Sylvester could help him. His fall resulted in severe injuries.

The jury found that appellee was negligent in failing to have the tiller ropes properly marked, and that this negligence was a proximate cause of the occurrence. It found that "in holding onto the second floor elevator landing gate at the time and on the occasion in question," appellant was negligent and that this conduct was a proximate cause of his fall.

The jury also found that "on the occasion in question" appellant was confronted with an emergency, defined as being "a condition which arises suddenly and unexpectedly, requiring immediate action without time for deliberation and not proximately caused by the negligence of the said Pedro Del Bosque," and that after such emergency arose he acted as a person of ordinary prudence would have acted under the same or similar circumstances. The

jury found that such emergency was not the sole proximate cause of the occurrence in question.

Appellant objected to the submission of the sole proximate cause issue and to the failure of the court to predicate the sudden emergency issue on the contributory negligence issues. Appellant now complains also of the action of the trial court in refusing to enter judgment for appellant and in entering judgment for appellee.

After Del Bosque held onto the second story elevator landing gate nothing occurred other than the fall, which, as was found by the jury, was proximately caused by such action. The emergency, therefore, must have arisen prior to this conduct. The answer made by the jury to Special Issue No. 7, convicting Del Bosque of negligence, conflicts with the answer to Special Issue No. 14, by which the jury found that Del Bosque was not negligent after the emergency arose. Bradford v. Arhelger, 161 Tex. 427, 340 S.W.2d 772 (1960); Bransford v. Pageway Coaches, Inc., 129 Tex. 327, 104 S.W.2d 471 (1937).

A number of courts have held that no conflict arises in this situation. This rule is set out in Missouri Pacific Railroad Co. v. Young, 403 S.W.2d 898 (Tex.Civ.App. —Corpus Christi 1966), in these words:

"The applicable rule is that where a party has been found guilty of primary negligence proximately causing the collision, a finding that he was acting in an emergency is not conflicting absent a finding that the emergency constituted the sole proximate cause of the collision; and the finding of specific negligence will override the general emergency issue finding, which will be disregarded in rendering judgment."

The Young case was specifically disapproved by the Supreme Court of this State in Yarborough v. Berner, 467 S.W.2d 188, 14 Tex.Sup.Ct. Journal 331 (April 28, 1971), where the Court said:

"We disapprove the four cases cited above because they misconceive the purpose of the sudden emergency doctrine. Its purpose is to excuse conduct which otherwise would be negligence. It concerns the negligence issue, and sole proximate cause is irrelevant to that doctrine."

The Court held that the better practice would be to give suitable explanatory charges or definitions fairly presenting to the jury the fact that unavoidable accident and sudden emergency might be present, rather than to submit separate issues on sudden emergency or unavoidable accident.

The conflict between the answer made by the jury to the negligence issue, an ultimate issue, and that made to the emergency issue, which should not have been submitted, is, nevertheless, fatal. The answers are in irreconcilable conflict.

A finding of negligence on the part of the defendant is in irreconcilable conflict with a finding of unavoidable accident. Bransford v. Pageway Coaches, Inc., supra.

In his article, "Imminent Peril and Emergency in Texas," Texas Law Review, Vol. 40, pp. 441–472, Professor E. Wayne Thode states that the only justification for submission of an emergency issue is on the basis that it is an inferential rebuttal issue, rebutting negligence or contributory negligence. He concludes, however, that emergency issues are not true inferential rebuttal issues, but are direct rebuttal issues, merely constituting a rephrasing of the "same or similar circumstances" portion of the negligence instruction, and should not be submitted.

In City of Panhandle v. Byrd, 130 Tex. 96, 106 S.W.2d 660 (1937), the jury found that the defendant's negligence was a proximate cause of the plaintiff's injury, but it answered "no" to the following issue: "Was the misfortune which befell plaintiff, or some similar event, something which a person of ordinary prudence

should have reasonably foreseen before-hand as likely to occur from dragging the chain in question behind the grader." The Supreme Court stated that this issue comprehended but one element of the ultimate issue of proximate cause, and should not have been submitted. It held that the conflict between this issue on foreseeability and the issue on proximate cause could not be reconciled on any reasonable ground, and that they were mutually destructive. See also McCrearry v. St. Louis Southwestern Ry. Co., 1 S.W.2d 868 (Tex.Com. App.1928).

Reversed and remanded.