The offense is burglary; the punishment, confinement in the penitentiary for two years.

The proof on the part of the state was to the effect that, on the 26th of October, 1932, some one burglarized the freight depot at Celeste and took therefrom some shoes and pocketknives. Some time after the burglary appellant offered to sell some pocketknives and shoes to a number of persons. The state made an effort to identify the articles appellant had in his possession by showing that they were of the same kind as the property stolen from the freight house.

█ Appellant did not testify in his own behalf, but introduced several witnesses who testified that the knives and shoes had been won by appellant in a game of chance at Crawley's filling station in Leonard, Tex. In short, if the testimony of these witnesses had been believed the jury would have acquitted appellant. Appellant timely and properly excepted to the charge of the court for its failure to embrace an instruction covering this affirmative defense. In addition to excepting to the charge, appellant submitted a requested instruction on the subject. The court declined to amend the charge, and refused to submit the requested instruction. Nowhere in the charge was appellant's defense affirmatively submitted to the jury. The rule is well settled that, where the accused on trial presents affirmative evidence going to show the existence of facts which would constitute a defense against the charge, it is his right to have such matter affirmatively submitted in the charge of the court. Pinkerton v. State, 92 Tex. Cr. R. 449, 244 S. W. 606, and authorities cited. Reversible error is presented.

█ It is shown in two bills of exception that the state proved by the officer having appellant in custody that during the time appellant was under arrest he did not tell him (the officer) that he got the knives and shoes from a man in the town of Leonard, and further that appellant kept silent concerning the matter. These bills present reversible error. The state could not avail itself of appellant's silence during the time he was under arrest as evidence of guilt, or as destructive of the explanation given upon the trial of his possession of the property. Taylor v. State, 118 Tex. Cr. R. 340, 42 S.W.(2d) 426, and authorities cited.

The state's attorney before this court confesses error.

The judgment is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

**TOWNLEY et al. v. HOUSE.**

No. 11453.

Court of Civil Appeals of Texas. Dallas.
April 14, 1934.

Rehearing Denied May 12, 1934.

Mort W. Muse, of McKinney, and Banks & Smith, of Longview, for appellants.

H. C. Miller and W. R. & W. P. Abernathy, all of McKinney, for appellee.

LOONEY, Justice.

B. S. House sued Mrs. Ona L. Townley and husband, W. E. Townley, as makers of a series of nine promissory notes, aggregating $4,554.08, matured under accelerating provisions, and to foreclose the lien of a deed of trust on ten acres of land situated at or near the town of Gladewater, in Gregg county. Others were brought in as defendants, but are not parties to this appeal, hence will not be further mentioned.

In the order stated below, the Townleys answered by general demurrer, general denial, a plea claiming the ten-acre tract as their homestead, alleging facts that negative the validity of the lien sought to be foreclosed thereon, and then alleged that, contemporaneously with the execution of the notes and trust deed sued upon, plaintiff executed an instrument in writing, agreeing "that Ona L. Townley (defendant) may sell lots out of said ten acres of land, and as each lot is sold, she is to pay to B. S. House (plaintiff) one-half the sale price, and House agrees to give release for the lot sold, the only proviso being that said lot shall be sold in good faith and for a fair market price, and whereas it is contemplated that Ona L. Townley may desire to erect on some of said lots, parts of said ten acres, three or four room residences, and then sell said residences and lots, and in this case, the reasonable costs of the improvements shall be deducted, and one-half of the balance paid to B. S. House, and as additional security, the said W. E. Townley and wife, Ona L. Townley, promise to pay to the said B. S. House one-half of the monthly rentals realized from the rents of parts of said ten acres of land, or all of said ten acres of land, the amount paid as rentals to be credited on the notes described in said deed of trust."

Defendants alleged that they would not have executed the notes and deed of trust in suit, but for the execution by plaintiff of the instrument above set out; that in June, 1932 (prior to the due date of the first note), they secured several prospective purchasers for lots out of the ten-acre tract, but by refusing to execute releases, as provided in the instrument set out above, plaintiff defeated sales, which, if consummated, would have enabled defendants to pay, at maturities, the first three notes of the series; alleging further that, "Should it be decided that said deed of trust on the ten acres in question created a valid lien, then the plaintiff, by his acts and conduct, is estopped to declare any or all of said notes sued upon due at this time." Other matters were alleged, but need not be mentioned in this connection, concluding with the prayer, that plaintiff be denied foreclosure, that the cloud cast upon their title to the ten-acre tract be removed, and that the notes and trust deed in suit be cancelled and held for naught.

The court submitted the case on special issues, and, the answers of the jury being favorable to plaintiff, judgment was rendered in his favor for debt and foreclosure as prayed, from which defendants, Townley and wife, appealed.

The only assignment urged by defendants is based on the alleged error of the court in excluding certain testimony tending to show that defendants were prevented from consummating sales by the refusal of plaintiff to execute releases; the excluded evidence being in support of defendants' plea, to the effect that plaintiff had estopped himself to accelerate maturities and seek foreclosure.

It is obvious that the plea of estoppel is, in effect, a plea in abatement, based on the idea that the suit was prematurely instituted. This idea pervades all related proceedings. The plea concludes with the contention that "plaintiff by his acts and conduct, is estopped to declare any or all of the notes sued upon due at this time." The same idea is reflected by the bill of exception taken to the action of the court, in excluding the testimony.

Under the settled rule in this state, a suit is said to be prematurely brought if instituted before a legal right to sue exists (1 Tex. Jur. 685, § 67), and is a ground of abatement if urged by a verified plea filed in due order of pleading (1 Tex. Jur. 131 § 95), but, unless filed in due order, will be considered waived.

In the instant case, the nominal plea of

estoppel (in effect, a plea in abatement), in support of which the excluded testimony was offered, is found in the midst of an extended answer to the merits, appearing after a general demurrer, general denial, and a special plea setting up homestead rights in avoidance of the lien of the deed of trust sought to be foreclosed; in view of this status, we are of opinion that the court did not err in excluding the evidence and in ignoring the plea of estoppel. The rule announced by the Amarillo court, in Wischkaemper v. Clement & Walker (Tex. Civ. App.) 58 S.W.(2d) 566, controls the question, and requires affirmance of the judgment below, but without prejudice to the rights, if any, of defendants under the contemporaneous written agreement executed by plaintiff.

Affirmed.