## GEORGE CRONE v. CHECKER CAB & BAGGAGE COMPANY.

No. 7443.  Decided January 24, 1940.
Rehearing overruled February 14, 1940.
(135 S. W., 2d Series, 696.)

*Harry W. Freeman,* of Houston, for plaintiff in error.

*Battaile, Burr & Holliday,* of Houston, for defendants in error.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted by the plaintiff in error, George Crone, against the defendants in error, Checker Cab & Baggage Company (which will be hereinafter called the Cab Company), and Southern Underwriters, the surety on the bond of the said Cab Company. The object of the suit is the recovery of damages for personal injuries alleged to have been sustained by Crone as the result of the negligence of the Cab Company pertaining to the operation by the Cab Company of a certain taxicab on a street in the City of Houston. Southern Underwriters duly presented a plea in abatement of the suit on the ground that no cause of action on the Cab Company's bond sued on, and upon which Southern Underwriters is surety, has matured; and, on the further ground, that suit on the bond is misjoined with the suit for damages against the Cab Company on account of the tort alleged to have been committed by said company. The plea in abatement was overruled by the trial court, and the case proceeded to trial before jury on the pleadings of the several parties and the testimony introduced. The trial resulted in a judgment against both defendants, jointly and severally, for the amount of damages found by the jury to have been sustained by Crone as the result of the negligence of the Cab Company in the operation of the taxicab. From said judgment both defendants appealed, and the Court of Civil Appeals held, in effect, that no cause of action has accrued on the bond sued on, and that there is a misjoinder of causes of action. Basing its action on this holding, the Court of Civil Appeals reversed the judgment of the trial court and dismissed the suit in so far as same is founded on said bond, and remanded the cause, as between Crone and the Cab Company, in so far as the alleged tort liability of the latter is involved. (117 S. W. (2d) 503). Crone applied to this Court for the writ of error, which was granted.

In the application, the only ground of complaint presented is the ruling of the Court of Civil Appeals to the effect no cause of action has accrued on said bond and that the suit involves a misjoinder of causes of action. This is the only question we are called on to decide. In addition to what has been stated above, the material facts bearing on this question are substantially as follows:

The Cab Company, as a common carrier for hire, operated the taxicab in question, on the streets of the City of Houston. As a prerequisite to obtaining license to so operate the taxicab, the Cab Company was required to give the bond herein sued on. This bond was made to the Mayor of the City by the

Cab Company, as principal, and Southern Underwriters, as surety. The condition prescribed in the bond reads as follows:

"Now, therefore, if the said Checker Cab and Baggage Company of Harris County, Texas, shall pay all final judgments which may be rendered against it for damages on account of death or injuries to property or person, including both passengers and the public, occasioned by the operation of the above described taxicab, then this obligation shall be null and void, otherwise it shall remain in full force and effect."

The bond also contains the following provisions:

"This bond, while made payable to the Mayor of the City of Houston, and his successors in office, shall be considered to be for the use and benefit of any person or persons entitled thereto by reason of an injury sustained through the operation of such vehicles as hereinabove set forth, and may be sued upon by such person or persons, or their legal representatives, directly without joining the Mayor of the City of Houston. This obligation is performable in Harris County, Texas, and any and all suits which may be instituted on this obligation may be instituted and prosecuted to final judgment against either the principal or the surety hereon, or both, in any court in Harris County, Texas, which would, in the absence of any statute fixing the venue of such suit, have jurisdiction of the same, and all parties hereto, both principal and surety, waive the right, if any they have, to have said suit or suits instituted and prosecuted in any county than said Harris County, Texas."

The condition prescribed in the bond, as set out above, imports an obligation on the part of the obligors "to pay all final judgments" which may be rendered against the Cab Company for damages on account of death or injuries occasioned by the operation of the taxicab. It is firmly established that no cause of action arises from such an obligation until a final judgment for damages is rendered against the principal. Furthermore, an action on such a bond cannot be properly joined in a suit against the principal to recover damages for the tort committed. Grasso v. Motor Freight Lines, 125 Texas 154, 81 S. W. (2d) 482; Moxon v. Ray, 125 Texas 24, 81 S. W. 488; Seaton v. Pickens, 126 Texas 271, 87 S. W. (2d) 709, 106 A. L. R. 512; Bluth v. Neeson, 127 Texas 462, 94 S. W. (2d) 407.

The other provisions of the bond, which are set out above, deal with the subject of institution and prosecution of suits on the bond, and plainly have no relation to the institution or

prosecution of a suit for damages against the Cab Company because of its negligence.

The judgment of the Court of Civil Appeals is in all respects affirmed.

Opinion adopted by the Supreme Court January 24, 1940.

Rehearing overruled February 14, 1940.