MARINE PRODUCTION CO. et al. v.
SHELL OIL CO. et al.
No. 9130.

Court of Civil Appeals of Texas. Austin.
Jan. 15, 1941.

Rehearing Denied Feb. 5, 1941.

No briefs filed for appellant.

Greenwood, Moody & Robertson, of Austin, for appellee on motion to dismiss.

McCLENDON, Chief Justice.

This is a Rule 37 case. The suit was by the Shell (Shell Oil Company, Incorporated) against the Commission (Railroad Commission of Texas and its members in their official capacities) and the Marine (Marine Production Company) to set aside an order of the Commission granting to the Marine a permit to drill two additional wells upon a small tract of land in the East Texas Oil Field. Upon suggestion of Mr. W. Edward Lee, as amicus curiae, and plea of the Commission, the suit was dismissed on the ground that it had been prematurely brought, in that there were then pending in the Commission motions for rehearing of the order filed by the Shell and another (the Tidewater). Later, upon motion of the Shell, this judgment was amended so as expressly to provide that the dismissal was without prejudice to the Shell to bring another suit. Both the Commission and the Marine gave notice of appeal, and the latter filed an appeal bond in which the Commission as well as the Shell is made payee. The transcript was applied for by Messrs. Lee & Porter, "Attorneys for appellant," and the case is styled on the back of the transcript, "Marine Production Company, Appellant v. Shell Oil Company, Incorporated et al., Appellees." We make this latter statement as indicating that the Commission has probably abandoned its appeal.

The Shell has filed a motion to dismiss the appeal on the ground that there was "no order or judgment that adversely affects the interests of the Marine Production Company in the slightest degree," and that "there is no actual bona fide controversy in this proceeding that is sufficient to confer appellate jurisdiction upon this court." The motion asserts that another suit was "immediately filed against the Railroad Commission and the Marine Production Company which is now pending in the District Court of Travis County." Both the Marine and the Commission have filed waivers of notice of this motion to dismiss the appeal, but neither has filed any reply or objection to the motion. The record shows the following: The order granting the permit was passed April 4, 1940. Motions for rehearing were filed by the Shell April 10th, and by the Tidewater, date not shown. This suit was filed April 30th. The motions for rehearing were overruled by the Commission June 19th. October 8th the Shell filed an amended petition. October 14th the amicus curiae suggestion was filed. This suggestion asserts that the amended petition "constitutes an attempt on the part of said plaintiff to continue a cause in this court when in truth and in fact all prior proceedings had herein were and are void for want of jurisdiction and there was no jurisdiction of this court to continue by such amendment." Wherefore it is asserted that the suit should be "abated and dismissed for want of jurisdiction," or, in the alternative, passed for service upon defendants. On the same day the Commission filed its "plea in abatement," in which it set up the pendency of the rehearing motions in the Commission at the time the suit was filed, and prayed that the suit be "abated and dismissed." No allusion was made to the amended petition in this plea. On the same day the court sustained the suggestion and plea in abatement and thereupon the suit was dismissed. October 22nd the Shell moved to amend the judgment so as to provide that the dismissal be without prejudice to its bringing another suit. November 2nd this motion was granted and the judgment amended accordingly.

Abatement seems to be the proper procedure where an action is prematurely brought. 1 Tex.Jur. p. 131, § 9. It is held suspended on the docket and may be revived if and when the cause for the abatement has ceased to exist. Dismissal finally disposes of the suit and a new suit would have to be filed. If the suit were merely abated, dismissal was not the proper order or judgment. North Texas Coach Co. v. Morten, Tex.Civ.App., 92 S.W.2d 263. Moreover, the cause for abatement had passed when the amended petition was filed, and unless the court was without jurisdiction to entertain the amendment by reason of the pendency of the proceeding before the Commission, clearly the proper order would have been to tax the costs up to the time of the amended petition against plaintiff, and permit the suit to proceed under the amended pleading. Evidently the court took the view that it did not have jurisdiction, and manifestly the Shell acquiesced in this view, at least to the extent that it did not care to take the risk of attempting to proceed under its amended pleading. Its

action in moving to correct the judgment so as expressly to provide that the dismissal was without prejudice to its rights to bring another suit was tantamount to a voluntary nonsuit upon its part, which it clearly had the right to take, as there was no affirmative action sought by either defendant. R. C.S. Art. 2182.

Nor do we think the amendment to the judgment of dismissal added anything to the original judgment. That judgment was predicated upon a want of jurisdiction to entertain the suit on the ground that jurisdiction was still in the Commission by reason of the pendency of the motions for rehearing. Clearly, dismissal upon that ground was without prejudice to bring another suit after the ground had ceased to exist upon the Commission's final order overruling the rehearing motions.

Whether laches or estoppel may be available as defenses to the subsequent suit by reason of the delay in bringing it and what may have transpired between June 19th and filing the subsequent suit are matters which may be litigated in that suit. They are not germane to the instant case, in fact there is nothing in the record from which they could be determined. We, of course, express no opinion upon them.

The motion is granted and the appeal is dismissed. All costs of appeal are assessed against the Marine.

Motion granted.

Appeal dismissed.