**Brenda Crew PHILIPS, Relator,**

v.

**Honorable Owen GILES, Judge, 68th District Court, Respondent.**

No. 21006.

Court of Civil Appeals of Texas, Dallas.

July 8, 1981.

John W. Henvey, Dallas, for relator.

David Townend, Dallas, for respondent.

Before AKIN, ROBERTSON and STO-REY, JJ.

ROBERTSON, Justice.

Relator Brenda Crew Philips brought this original proceeding under Tex.Rev.Civ.Stat. Ann. art. 1824 (Vernon 1964) seeking a writ of mandamus to compel respondent, the Honorable Owen Giles, to proceed to trial and judgment in a cause pending in his court in which she is the plaintiff. Relator contends respondent erroneously sustained the plea in abatement of defendant Russ in her suit below. Respondent contends we are without jurisdiction to grant a writ of mandamus in this case and, alternatively, that the plea in abatement was properly sustained. Assuming, without deciding, that we have jurisdiction, we decline to exercise that jurisdiction and issue the writ of mandamus because relator's suit was prematurely instituted and thus, respondent's action in sustaining the plea in abatement was proper.

Relator sued defendant Russ for damages arising from defendant's alleged legal malpractice. Defendant represented relator in a divorce proceeding during 1977 and 1978. Relator and her ex-husband owned substantial property and a settlement agreement was negotiated and approved in the divorce decree of March 1, 1978. As part of that decree, her former husband executed a promissory note in favor of relator for $500,000 payable monthly over a five year period. This note was for relator's interest in the community business and bore not interest. Relator contends defendant advised her that there were no tax implications of the settlement agreement including the note payments. During 1979, relator was advised by her accountant that there were tax consequences of the settlement agreement. Based upon the advice of her accountant, relator filed tax returns for 1978 and 1979 declaring and reporting the monthly note payments as income. The Internal Revenue Service has never assessed taxes on the money relator has reported, nor has it made a determination that the money in question is income. Relator seeks to recover in her lawsuit against defendant all taxes she paid in 1978 and 1979 which are attributable to the settlement agreement.

In response to the allegations of relator's petition, defendant filed a plea in abatement. In his plea, defendant contended respondent should abate plaintiff's suit until relator obtained a determination by the Internal Revenue Service that there were tax consequences incident to the settlement agreement. Respondent sustained defendant's plea in abatement. No order of dismissal has been entered and relator's suit is pending on respondent's docket.

Respondent contends his action in sustaining defendant's plea in abatement was appropriate because relator's suit was prematurely instituted. We agree. In *Atkins v. Crosland*, 417 S.W.2d 150 (Tex.1967), the plaintiff contended his accountant's negligent choice of accounting methods increased his tax liability. The legal question presented in *Atkins* was whether the statute of limitations had run on the plaintiff's cause of action and thus, the court had to determine when the plaintiff's cause of action accrued. In that connection the court held:

> [T]he plaintiff's cause of action did not arise until the tax deficiency was assessed by the Commissioner of Internal Revenue. Prior to assessment the plaintiff had not been injured. That is, assessment was the factor essential to consummate the wrong—only then was the tort complained of completed. If a deficiency had never been assessed, the plaintiff would not have been harmed and therefore would have had no cause of action.

*Id.* at 153. Applying the rationale in *Atkins* to the facts of the present case, we conclude relator's cause of action has not accrued because no tax liability has been established by the Internal Revenue Service. Thus, relator has yet to be injured.

Relator contends, however, that *Atkins,* is distinguishable from the present case because, in *Atkins*, the plaintiff did not know he was required to use a method of accounting different from that used, and, in the present case, relator had been advised of her potential tax liability. She contends, relying upon *Barshop v. United States*, 191 F.2d 286 (5th Cir. 1951); *Gaunt v. United States*, 184 F.2d 284 (1st Cir. 1950); and *Battjes v. United States*, 172 F.2d 1 (6th Cir. 1949), that upon being advised of her potential tax liability, she became subject to income tax evasion penalties for failure to report her income as she believed it to be. In *Battjes, Gaunt,* and *Barshop*, the courts of appeals affirmed convictions for the willful attempt to evade income taxes by failing to report income. The obligation to submit a tax return which the taxpayer believes to be true and correct, and the penalties for failing to do so, are distinct from the liability for the actual tax due. Although relator believes the taxes are due, she may be mistaken and, indeed, no tax liability, insofar as we know, may exist. Relator's cause of action against defendant, and her injury, if any, arise from her tax liability, rather than from the duty to report her income, as she believes it to be, accurately. Since it has not been determined whether relator is liable for the taxes in question, she has not been harmed and, therefore, her cause of action has not accrued.

Since relator's cause of action has not accrued, her suit was prematurely instituted and respondent properly sustained defendant's plea in abatement. *Weatherly v. Pena*, 335 S.W.2d 434 (Tex.Civ.App.—San Antonio 1960, writ ref'd n. r. e.); *Marine Production Co. v. Shell Oil Co.*, 146 S.W.2d 1024 (Tex.Civ.App.—Austin 1941, no writ); *Checker Cab & Baggage Co. v. Crone*, 117 S.W.2d 503 (Tex.Civ.App.—Galveston 1938, aff'd 134 Tex. 412, 135 S.W.2d 696); *Townley v. House*, 71 S.W.2d 883 (Tex.Civ.App.—Dallas 1934, writ dism'd).

Writ of mandamus denied.