02-12-048-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.  02-12-00048-CV

 

 


 
 
 In re TEXAS COLLEGIATE BASEBALL LEAGUE, LTD. AND
 GERALD W. HADDOCK
 
 
  
 
 
 RELATORS
 
 
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 


 

 

----------

 

ORIGINAL PROCEEDING

----------

 

OPINION

----------

 

I. 
Introduction

          Relators
Texas Collegiate Baseball League, Ltd. (TCBL) and Gerald W. Haddock seek
mandamus relief from the trial court’s January 11, 2012 order denying their amended
motion to abate portions of this case between Relators and Real Parties In Interest
Jeffrey J. Wolf and The Wolf Law Firm, P.C. (collectively, Wolf).  We
conditionally grant TCBL and Haddock’s petition for writ of mandamus.

II. 
Background[1]

          Four
separate lawsuits are tangentially involved in this mandamus proceeding, and
all four remain pending.  Wolf, an attorney, represented Haddock in two of the
lawsuits (collectively, the Crescent litigation).[2] 
Wolf also represented TCBL in the third lawsuit (the Baseball litigation). 
Although the parties agree that the Crescent and Baseball litigations remain pending,
the parties have not provided any additional information about the status of
those cases.

          This,
the fourth, lawsuit began when TCBL filed suit against Wolf to enforce an
alleged settlement agreement.  According to TCBL and Haddock, the parties entered
into a settlement agreement in May 2010 to resolve disputes concerning legal
fees Wolf claimed he was owed by TCBL and Haddock relating to Wolf’s
representation of them in the Crescent and Baseball litigations.  Wolf disputes
that the parties entered into an enforceable agreement, and he responded to
TCBL’s original petition by filing a counterclaim against TCBL and a
third-party petition against Haddock for recovery of his attorney’s fees (collectively,
the fee claim).  TCBL and Haddock responded to the counterclaim by asking that
the trial court abate the lawsuit so that TCBL could investigate possible
malpractice claims against Wolf.  The trial court denied the motion, and TCBL
and Haddock later amended their pleadings to allege malpractice against Wolf relating
to his representation of them in the Crescent and Baseball litigations (collectively,
the malpractice claims).

          In
June 2011, TCBL and Haddock filed a motion for summary judgment to enforce the
purported settlement agreement, but the trial court, Respondent Judge Wade
Birdwell, denied the motion.  In July 2011, TCBL and Haddock filed another
motion to abate the fee claim and malpractice claims pending final resolution
of the Crescent and Baseball litigations.  The trial court held an evidentiary
hearing and denied the motion by written order dated January 11, 2012.  TCBL
and Haddock then sought mandamus relief in this court.

III. 
Standard of Review

          Mandamus relief is
proper only to correct a clear abuse of discretion when there is no adequate
remedy by appeal.  In re Columbia Med. Ctr. of Las Colinas, 290 S.W.3d
204, 207 (Tex. 2009) (orig. proceeding).

A
trial court clearly abuses its discretion when it reaches a decision so
arbitrary and unreasonable as to amount to a clear and prejudicial error of law
or if it clearly fails to correctly analyze or apply the law.  In re Olshan
Found. Repair Co., 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); Walker
v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  With
respect to the resolution of factual issues or matters committed to the trial
court=s
discretion, we may not substitute our judgment for that of the trial court
unless the relator establishes that the trial court could reasonably have
reached only one decision and that the trial court=s
decision is arbitrary and unreasonable.  In re Sanders, 153 S.W.3d 54,
56 (Tex. 2004) (orig. proceeding); Walker, 827 S.W.2d at 839–40.  In
other words, we give deference to a trial court=s
factual determinations that are supported by evidence, but we review the trial
court=s
legal determinations de novo.  In re Labatt Food Serv., L.P., 279 S.W.3d
640, 643 (Tex. 2009) (orig. proceeding).  A trial court abuses its discretion
if it fails to analyze the law correctly or misapplies the law to established
facts.  Iliff v. Iliff, 339 S.W.3d 74, 78 (Tex. 2011); State v. Sw.
Bell Tel. Co., 526 S.W.2d 526, 528 (Tex. 1975).  Also, a trial court’s
erroneous legal conclusion, even in an unsettled area of law, is an abuse of
discretion.  In re United Scaffolding, Inc., 301 S.W.3d 661, 663 (Tex.
2010).

IV. 
Abuse of Discretion

          TCBL
and Haddock contend in their sole issue that the trial court abused its
discretion by denying their motion to abate the fee claim and malpractice
claims until the Crescent and Baseball litigations and any related appeals are
concluded.  Wolf responds that the trial court properly exercised its
discretion by denying abatement because severance or separate trials would instead
be appropriate.

A.  The
Parties’ Contentions

          To
support their abatement argument, TCBL and Haddock rely in part on the rule
that the statute of limitations for legal malpractice claims involving prior or
ongoing litigation “is tolled until all appeals on the underlying claim are
exhausted or the litigation is otherwise finally concluded.”  Apex Towing
Co. v. Tolin, 41 S.W.3d 118, 119 (Tex. 2001).  TCBL and Haddock acknowledge
that the statute of limitations is not at issue in this mandamus proceeding,
but they argue that the policy considerations justifying the tolling rule apply
equally in this case and require abatement.  Those policy considerations are
two-fold.  First, tolling the statute of limitations avoids “forc[ing] a client
into the untenable position of having to adopt inherently inconsistent
litigation postures in the underlying case and the malpractice case.”  Id.
at 121 (discussing Hughes v. Mahaney & Higgins, 821 S.W.2d 154,
156–57 (Tex. 1991)).  Second, “the viability of [the malpractice] action
depends on the outcome of the underlying litigation.”  Id.  TCBL and
Haddock argue that abatement of the fee claim and malpractice claims is
required because they will otherwise be forced to take inherently inconsistent
litigation postures by defending Wolf’s alleged malpractice in the Crescent and
Baseball litigations in an effort to prevail in those cases while at the same
time affirmatively asserting malpractice claims and defenses against Wolf in
this case.  TCBL and Haddock also assert that, if the malpractice and fee
claims are not abated, they will be required to engage in discovery and pursue
claims that have not yet accrued and for which their alleged damages are not
yet known.

          Wolf
does not dispute that the malpractice claims are premature or that the trial
court could have chosen to abate the malpractice claims.  Wolf does, however,
dispute the propriety of abating the fee claim and contends that severance or
separate trials of the fee claim and malpractice claims would resolve the
potential problems raised by TCBL and Haddock.[3]

          Neither
TCBL and Haddock nor Wolf cite any controlling precedent to support their
competing contentions.  For example, the statute of limitations cases discussed
above do not directly apply because the statute of limitations is not at issue
in this case.  Furthermore, TCBL and Haddock cite three cases for the
proposition that abatement is the established remedy when a lawsuit is filed
prematurely.  See In re Foremost Cnty. Mut. Ins. Co., 172 S.W.3d
128, 135 (Tex. App.—Beaumont 2005, orig. proceeding); Philips v. Giles,
620 S.W.2d 750, 751 (Tex. Civ. App.—Dallas 1981, orig. proceeding); Marine
Prod. Co. v. Shell Oil Co., 146 S.W.2d 1024, 1025 (Tex. Civ. App.—Austin
1941, no writ).  While those cases address the necessity of abating the
malpractice claims, they do not address whether the fee claim must also be
abated.[4]

          Wolf’s
supporting authority is similarly inapplicable.  See Van Dyke v. Boswell,
O’Toole, Davis & Pickering, 697 S.W.2d 381, 384 (Tex. 1985); Richter
v. Mery, No. 04-10-00098-CV, 2010 WL 3782186, at *1 (Tex. App.—San Antonio
Sept. 29, 2010, pet. denied) (mem. op.).  Wolf cites Van Dyke for the
proposition that a malpractice claim is not barred by res judicata when the
trial court orders separate trials of a fee claim and a malpractice claim that
were originally asserted as counterclaims.  See 697 S.W.2d at 384.  But
whether res judicata would or would not bar a subsequent malpractice suit by
TCBL and Haddock does not help resolve whether TCBL and Haddock will
potentially be prejudiced by having to defend the fee claim while the Crescent
and Baseball litigations remain pending and while their malpractice defenses to
the fee claim are not mature.  Wolf cites Richter because the appellate
opinion reflects that the trial court in the case stated that “it would
be ‘cleaner’ if a motion to sever were filed” to separate Mery’s claim for
attorney’s fees from the underlying lawsuit, but there is no analysis or further
discussion in the opinion concerning the propriety of severance, separate
trials, or abatement.  See 2010 WL 3782186, at *1–3.[5]

B. 
Severance or Separate Trials vs. Abatement

          The
parties do not dispute that the malpractice claims are not yet mature and should
be abated pending the outcome of the Crescent and Baseball litigations.  We
must therefore decide whether the fee claims may proceed or whether they must
be abated along with the malpractice claims.  In that regard, the necessity of
abatement is illustrated by explaining why severance or separate trials is not
appropriate and by applying the policy considerations that support the statute
of limitations tolling rule discussed above.

          Rule
41 of the Texas Rules of Civil Procedure provides that “[a]ny claim against a
party may be severed and proceeded with separately.”  Tex. R. Civ. P. 41.  However,
a claim is properly severable only if (1) the controversy involves more than
one cause of action, (2) the severed claim is one that would be the proper
subject of a lawsuit if independently asserted, and (3) the severed claim is
not so interwoven with the remaining action that they involve the same facts
and issues.  Guaranty Fed. Sav. Bank v. Horseshoe Operating Co., 793
S.W.2d 652, 658 (Tex. 1990).  “[A]voiding prejudice, doing justice, and
increasing convenience are the controlling reasons to allow a severance.”  F.F.P.
Operating Partners, L.P. v. Duenez, 237 S.W.3d 680, 693 (Tex. 2007) (citing
Guar. Fed. Sav. Bank, 793 S.W.2d at 658).  Rule of civil procedure
174(b) governs the granting of separate trials, and its purpose is similarly
“to further convenience, to avoid prejudice, and to promote the ends of
justice.”  In re Ethyl Corp., 975 S.W.2d 606, 609–10 (Tex. 1998) (orig.
proceeding); see Tex. R. Civ. P. 174(b).

          Wolf’s
alleged malpractice, whether it be negligence or breach of fiduciary duty, will
be central to both TCBL’s and Haddock’s affirmative malpractice claims and
their defenses to Wolf’s fee claim.  See Barcelo, 923 S.W.2d at 579 (“[A]
legal malpractice action sounds in tort and is governed by negligence
principles.”); NationsBank of Tex., N.A. v. Akin, Gump, Hauer & Feld,
L.L.P., 979 S.W.2d 385, 397–98 (Tex. App.—Corpus Christi 1998, pet. denied)
(holding that because malpractice claim must be remanded, law firm’s claim for
recovery of fees must also be remanded because law firm’s entitlement to fees
was “wholly dependent” on the outcome of malpractice claims); see also Burrow
v. Arce, 997 S.W.2d 229, 240 (Tex. 1999) (holding client need not prove
actual damage before obtaining forfeiture of attorney’s fees for breach of
attorney’s fiduciary duty to client); Judwin Props., Inc., 911 S.W.2d at
507 (“Recovery of fees paid to an attorney may be appropriate when [the
attorney’s] negligence rendered the services of no value.”); Morales v.
Cline, 202 S.W. 754, 757 (Tex. Civ. App.—San Antonio 1918, writ dism’d
w.o.j.) (noting that attorney’s negligence may preclude recovery of
compensation for attorney’s services).  Severance or separate trials are
therefore not appropriate because the fee claim and the malpractice claims
involve the same facts and issues.

          Additionally,
severance or separate trials would not avoid prejudice, do justice, or increase
convenience.  The parties agree that the malpractice claims are not mature.  If
Wolf is allowed to proceed on the fee claim, TCBL and Haddock would be forced to
trial on the fee claim with unripe defenses.  Assuming the malpractice claims eventually
mature, the parties would then have another trial concerning Wolf’s alleged
malpractice.  Thus, severing or ordering separate trials of the fee claim and
the malpractice claims would require the parties to have essentially the same
trial twice, except that TCBL and Haddock would have to defend the fee claim at
the first trial with unripe defenses.  See In re State, 355 S.W.3d 611,
614 (Tex. 2011) (orig. proceeding) (holding severance order improper because it
would require eight separate trials with duplicative evidence that could be
presented in one trial).  Severance or separate trials might actually increase
the possibility of prejudice and cause a burden to the court system and the
parties.

          Also
instructive in considering the ineffectiveness of severance or separate trials
are the policy considerations that support the tolling of the statute of
limitations for legal malpractice claims.  Requiring TCBL and Haddock to
respond to discovery and present evidence at trial concerning Wolf’s alleged
malpractice while the Crescent and Baseball litigations remain pending will likely
require TCBL and Haddock to simultaneously take inconsistent litigation positions. 
For example, TCBL and Haddock must necessarily defend Wolf’s actions in the Crescent
and Baseball litigations while those cases remain pending in an effort to
prevail in those cases.  But if Wolf’s fee claim is not abated until those
litigations are concluded, TCBL and Haddock must simultaneously respond to
discovery and prepare for trial on issues for which they will necessarily
contend that Wolf acted improperly while serving as their counsel.  See
generally Apex Towing Co., 41
S.W.3d at 121 (recognizing possibility that client may be forced “to adopt
inherently inconsistent litigation postures in the underlying case and the
malpractice case”).  Also, the malpractice allegations and damage theories will
remain fluid until the Crescent and Baseball litigations conclude.  See generally
id.  (noting that viability of malpractice action “depends on the outcome
of the underlying litigation”).  Wolf argues that the trial court’s
confidentiality order would adequately protect TCBL and Haddock from
inconsistent litigation positions because the other parties to the Crescent and
Baseball litigations would not be privy to TCBL’s and Haddock’s litigation
positions in this case, but the confidentiality order will not protect TCBL and
Haddock from having to provide Wolf with evolving or even inconsistent
information through discovery as the Crescent and Baseball litigations proceed
toward conclusion.

          It
makes little sense for the parties to conduct discovery and prepare for trial
concerning the fee claim and the malpractice claims in this litigation while
the Crescent and Baseball litigations remain pending.  Indeed, TCBL’s and
Haddock’s malpractice claims may have no merit upon final resolution of the Crescent
and Baseball litigations, leading to a much simpler resolution of the fee claim. 
Although
Wolf might be prejudiced by having to wait until the resolution of the Crescent
and Baseball litigations to try to recover his fees (and more so if TCBL’s and
Haddock’s malpractice claims later have no merit), the risk of prejudice to
Wolf is far less than the risk of prejudice and burden to the parties and the
judicial system if TCBL and Haddock are required to try the fee claim before
their defenses mature.  See In re Van Waters &
Rogers, Inc., 145 S.W.3d 203, 211 (Tex. 2004) (orig.
proceeding) (holding that whatever advantage might be gained by improper
consolidation was “overwhelmed by the greater danger an unfair trial would pose
to the integrity of the judicial process”).

          The
trial court’s order denying TCBL and Haddock’s amended motion to abate does not
specify the basis of its decision to deny the motion.  However, considering the
sealed appellate record, the parties’ arguments, and the options arguably
available to the trial court short of abating the fee claim and malpractice
claims pending the outcome of the Crescent and Baseball litigations, the trial
court had no viable option other than to grant the motion.  We therefore hold
that the trial court abused its discretion by denying TCBL and Haddock’s motion
to abate the portions of this case relating to the fee claim and malpractice claims
pending the outcome of the Crescent and Baseball litigations.  See Liberty
Nat’l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 630 (Tex. 1996) (“To satisfy
the clear abuse of discretion standard, the relator must show ‘that the trial
court could reasonably have reached only one decision.’”) (quoting Walker,
827 S.W.2d at 840).

V. 
Adequate Appellate Remedy

Having
determined that the trial court abused its discretion, we must also determine
whether TCBL and Haddock have an adequate remedy by appeal that would preclude
mandamus relief.

Absent
extraordinary circumstances, mandamus will not issue unless TCBL and Haddock lack
an adequate remedy by appeal.  Van Waters & Rogers, Inc., 145 S.W.3d
at 210–11 (citing Walker, 827 S.W.2d at 839).  This requirement
“has no comprehensive definition.”  In re Ford Motor Co., 165 S.W.3d
315, 317 (Tex. 2005) (orig. proceeding).  Whether a clear abuse of discretion
can be adequately remedied by appeal depends on a careful analysis of costs and
benefits of interlocutory review.  In re McAllen Med. Ctr., Inc., 275
S.W.3d 458, 464 (Tex. 2008) (orig. proceeding).  As this balance depends
heavily on circumstances, it must be guided by analysis of principles rather
than simple rules that treat cases as categories.  Id.  An appellate
remedy is adequate when any benefits to mandamus review are outweighed by the
detriments.  In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 136 (Tex.
2004) (orig. proceeding).  When the benefits outweigh the detriments, we must
conduct further analysis.  Id.  An appeal is inadequate for mandamus
purposes when parties are in danger of permanently losing substantial rights,
such as when the appellate court would not be able to cure the error, the
party’s ability to present a viable claim or defense is vitiated, or the error
cannot be made part of the appellate record.  Van Waters & Rogers, Inc.,
145 S.W.3d at 210–11; Walker, 827 S.W.2d at 843–44.  An appellate
court should also consider whether mandamus will allow the court “to give
needed and helpful direction to the law that would otherwise prove elusive in
appeals from final judgments” and “whether mandamus will spare litigants and
the public ‘the time and money utterly wasted enduring eventual reversal of
improperly conducted proceedings.’”  In re Team Rocket, L.P., 256 S.W.3d
257, 262 (Tex. 2008) (orig. proceeding) (quoting Prudential, 148 S.W.3d
at 136).

          Continuing
with the fee claim while the Crescent and Baseball litigations remain pending
will likely require TCBL and Haddock to simultaneously prosecute and defend
suits with inconsistent and evolving legal theories.  See generally Apex
Towing Co., 41 S.W.3d at 121.  Moreover, TCBL and Haddock will
assert malpractice against Wolf both as a defense to the fee claim and as an
affirmative cause of action.  Thus, the parties will essentially have the same
trial twice if the fee claim is not abated, except that TCBL and Haddock will defend
the fee claim at the first trial with unripe defenses.  See
State, 355 S.W.3d at 614–15 (holding appellate remedy
inadequate due to “enormous waste of judicial and public resources that
compliance with the trial court’s [severance] order would entail”); Waters
& Rogers, Inc., 145 S.W.3d at 210–11 (stating that parties are in
danger of losing substantial rights when, among other things, their ability to
present a viable claim or defense is vitiated).  Because TCBL and Haddock will
likely be prejudiced by having to defend the fee claim before their malpractice
claims mature, because TCBL’s and Haddock’s malpractice claims will not mature
until the Crescent and Baseball litigations are finally concluded, and because
a trial on the fee claim alone would be an unreasonable waste of resources for
both the judicial system and the parties, we hold that TCBL and Haddock
do not have an adequate remedy by appeal.  We therefore sustain their sole
issue.

VI. 
Conclusion

          Having
sustained TCBL and Haddock’s sole issue, we conditionally grant a writ of
mandamus directing the trial court to vacate its order denying TCBL and
Haddock’s amended motion to abate and directing the trial court to grant TCBL
and Haddock’s amended motion to abate so that the fee claim and malpractice
claims (as defined in this opinion) are abated until the Crescent and Baseball
litigations and any resulting appeals are finally concluded.  We are confident
that the trial court will comply within the next thirty days.  A writ will
issue only if the trial court fails to do so.

 

ANNE GARDNER
JUSTICE

 

PANEL: 
GARDNER,
WALKER, and MEIER, JJ.

 

DELIVERED:  April 5, 2012









[1]Other than judicial orders
and opinions, many of the documents in this case are sealed.  See Tex.
R. Civ. P. 76a.  Our recitation of the relevant background is therefore limited
to a general description of the factual and procedural posture of this case.





[2]The two lawsuits involved
in the Crescent litigation have been consolidated in the 67th District Court of
Tarrant County, Texas.





[3]The parties also dispute
whether the malpractice claims are compulsory counterclaims in this case, but
we do not decide that issue because, as explained below, Wolf’s alleged
malpractice will be an issue during the trial of both the fee claim and the
malpractice claims since attorney malpractice is both an affirmative claim and
a defense to a suit for recovery of attorney’s fees.  See Tex. R. App.
P. 47.1; see also Barcelo v. Elliott, 923 S.W.2d 575, 579 (Tex. 1996); Judwin
Props., Inc. v. Griggs & Harrison, P.C., 911 S.W.2d 498, 507 (Tex.
App.—Houston [1st Dist.] 1995, no writ.).





[4]TCBL and Haddock also cite
a 1980 opinion from a New York trial court that reaches the result that TCBL
seeks in this case, but the case is distinguishable because it involved a
contingent-fee claim rather than an hourly-fee claim by the attorney.  See
Pudalov v. Brogan, 427 N.Y.S.2d 345, 349 (N.Y. Sup. Ct. 1980).  As an aged
trial court case from another jurisdiction that was not reviewed by an
appellate court, the case also has little persuasive value.





[5]Wolf also cites cases from
other jurisdictions, but they are similarly distinguishable.  Abatement of the
attorney fee claim was not at issue in the appeal decided by the Nevada Supreme
Court, and although the other cases address the abatement or dismissal of
prematurely filed legal malpractice claims, neither case involved a competing
claim for attorney’s fees or addressed whether such a claim must also be
abated.  See Semenza v. Nev. Med. Liability Ins. Co., 765 P.2d 184, 186
(Nev. 1988); Burgess v. Lippman, 929 So.2d 1097, 1098–99 (Fla. Ct. App.
2006); Doe v. Golden & Walters, PLLC, 173 S.W.3d 260, 270, 275–76
(Ky. Ct. App. 2005).